No. 45,296

STATE OF KANSAS, *Appellee,* v. EMMITT ROBINSON, *Appellant.*

(454 P. 2d 527)

Opinion filed May 17, 1969.

*Jerry K. Levy,* of Wichita, argued the cause and *E. L. Malone* and *Edgar Wm. Dwire,* both of Wichita, were with him on the brief for appellant.

*Russell Grant,* Deputy County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Emmitt Robinson was convicted and sentenced for possession of marijuana as proscribed in K. S. A. 65-2502. He was sentenced on two separate counts to not more than seven years, the sentences to run concurrently. Defendant Robinson appeals from the judgment of conviction.

Three primary questions are raised. First, was there probable cause to support a warrantless search of his automobile which contained three brown paper sacks of marijuana? Second, did the court err in restricting the cross-examination of a witness and in refusing to require disclosure of the identity of an informer? Third, was a proper foundation laid to show relevance of physical evidence admitted during the trial?

The two counts of possession arose out of separate incidents on August 13 and August 27, respectively. The first two questions relate solely to count one. The third question relates to items of physical evidence, marijuana, introduced in support of both counts.

We will summarize the facts and discuss the questions pertaining to count one first.

On August 13, 1967, at 9:55 p. m. the defendant was driving his green 1955 Chevrolet station wagon south on Wabash Street, in Wichita, Kansas. Officer Cochran stopped the vehicle when he noticed it was without proper lights. Defendant got out of his station wagon and left the door open on the driver's side. He appeared unsteady on his feet as he approached the officer.

Detective Myers of the Wichita vice squad was patrolling this neighborhood. He drove up shortly after defendant got out of the station wagon. Officer Cochran talked to the defendant. Detective Myers walked past them and stopped beside the station wagon. Through the open door he observed three brown paper sacks on the floor behind the front seat. He asked the defendant what was in the sacks. The defendant answered, "How did that get in there?" The detective asked, "What is it?" The defendant replied, "Who

put that in my car?" Detective Myers, while standing beside the vehicle, reached into the station wagon and opened one paper sack. He then saw it contained marijuana. He arrested the defendant and removed the three sacks from the vehicle.

The defendant was charged with possession of marijuana. Prior to trial defendant filed a motion to suppress the evidence. He argued the three sacks of marijuana were obtained in an illegal search of his vehicle without a search warrant. He points out no arrest was made for possession of marijuana until after the search of his car disclosed the contraband.

Before trial the state introduced testimony to show probable cause and the reasonableness of the search. Detective Myers testified he was assigned to the vice squad and was patrolling this particular neighborhood because of prior information received. An informer had advised him that a green 1954 station wagon containing marijuana would be in that vicinity. The exact description of the vehicle was not available. He saw Officer Cochran stop a green 1955 Chevrolet station wagon and he proceeded to its location. When he approached the vehicle the informer was in that vicinity and made gestures indicating this was the station wagon for which he was looking. The detective testified the informer was reliable and had previously given him information pertaining to law violations. The previous information received had proven to be accurate. Defendant's counsel was given the opportunity to cross-examine the officer on reliability of the informer as to previous information given pertaining to law violations but he was not permitted to determine the informer's name or identity.

This testimony was taken in the absence of the jury and was for the purpose of determining the admissibility of this physical evidence. (See K. S. A. 60-408.)

It should be noted the vehicle containing marijuana was stopped on a public street while in transit. The search consisted of reaching through an open door of the vehicle and inspecting the contents of a brown paper sack. Marijuana was disclosed thereby and the seizure was made contemporaneously with the announced arrest of the defendant. The three sacks containing marijuana were removed from the vehicle while it remained in the public street and fully mobile.

In response to the first question raised by the defendant the state cites *State v. Hunt*, 198 Kan. 222, 424 P. 2d 571, to support the legality of the search.

However, the defendant correctly points out in that case the fruits of a known crime (cigarettes) were seen by the officer through a car window. Since the eye can commit no trespass no illegal search occurred. The known location of the fruits of crime furnished probable cause to support the arrest without a warrant. The search was then made by the officer incidental to the lawful arrest.

In the present case the content of the brown paper sacks was not apparent. A trespass, slight though it may have been, was committed when the detective reached through an open door, twisted open the sack and viewed the marijuana in the station wagon. If this search was unreasonable, as not being based upon probable cause, it would follow that the contraband removed from the car could not be introduced at the trial to support the charge against the defendant. In such event the charge contained in count one could hardly be sustained because of lack of evidence.

The ability of an automobile to be moved to an unknown location or beyond the jurisdictional reach of the officer makes resort to a search warrant impractical in some cases. Courts have long permitted a seizure to be made without a search warrant when known contraband is viewed by the officer through a car window. (See *State v. Hunt,* supra; *State v. Brown,* 198 Kan. 473, 426 P. 2d 129; *State v. Blood,* 190 Kan. 812, 378 P. 2d 548 and cases cited therein.)

The mobility of an automobile has also given rise to court decisions holding that if an officer has reasonable cause to believe a conveyance contains contraband or items which offend against the law the officer may conduct a reasonable warrantless search. (*Carroll v. United States* [1925] 267 U. S. 132, 69 L. Ed. 543, 45 S. Ct. 280; *Brinegar v. United States,* 338 U. S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302; State v. Blood, supra.)

The authority to search in such cases is not necessarily conditioned on the right to arrest or the existence of a search warrant. It may be dependent on reasonable cause which an officer has for belief that contents of the vehicle offend against the law. (*Carroll v. United States,* supra; *State v. Blood,* supra. See also *United States v. Ventresca,* [1965] 380 U. S. 102, 107, 13 L. Ed. 2d 684, 85 S. Ct. 741 and *United States v. Francolino,* [1966] 367 F. 2d 1013, cert. den. 386 U. S. 960, 18 L. Ed. 2d 110, 87 S. Ct. 1020.)

The facts of the present case clearly establish the detective had reasonable cause to reach through an open door of the vehicle and inspect the contents of the brown paper sack. A reliable informer

had previously advised the detective of the probable use of a station wagon similar in appearance to the one stopped by the officer. The detective investigating was on the Wichita vice squad. As he approached the station wagon an informer by gesture indicated this was the man and the station wagon. The detective saw three brown paper sacks on the floor of the vehicle. The defendant disclaimed knowledge of their contents and the sacks were of a type suitable for holding marijuana. It was reasonable and proper under these circumstances for him to reach in through the open door of the vehicle and inspect the contents of the sack. His actions were based on probable cause to believe defendant possessed marijuana. The contraband disclosed was properly seized and formed the basis of a lawful arrest without a warrant.

In passing we note *Henry v. United States,* 361 U. S. 98, 4 L. Ed. 2d 134, 80 S. Ct. 168 and *Beck v. Ohio,* 379 U. S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223 are not controlling here. In *Henry* the officers were acting on information the car contained contraband whisky, which it did not. They seized, instead of whisky, stolen radios. In *Beck* the illegal search was made of a suspect's person. The search of the suspect's person was held illegal as not incidental to a lawful arrest. Neither of these cases have application to the facts of the present case.

We turn to the question of whether the court erred in unduly restricting cross-examination by refusing to require disclosure of the identify of an informer.

K. S. A. 60-436 provides:

"A witness has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a provision of the laws of this state or of the United States to a representative of the state or the United States or a governmental division thereof, charged with the duty of enforcing that provision, and evidence thereof is inadmissible, unless the judge finds that (*a*) the identity of the person furnishing the information has already been otherwise disclosed or (*b*) disclosure of his identity is essential to assure a fair determination of the issues."

The defendant contends sub-paragraph (*b*) of the statute should be applied here. He contends in a general way the issues could not be fairly determined without disclosure of the identity of the informer. He argues that every accused has the right to be confronted by the witness and to cross-examine as to material facts. The issue concerned here is probable cause to determine reasonableness of a

search of the defendant's vehicle. The issue in such case is not guilt or innocence of the defendant.

When the issue is probable cause for the search, and not guilt or innocence of the defendant, the officer generally need not disclose the identity of an informant. Our statute makes two exceptions possible, (1) when the identity has already been otherwise disclosed or (2) when it is essential to assure a fair determination of the issues.

The governmental privilege against disclosure of the identity of an informer is well established and long familiar to the law of evidence. (See 8 Wigmore, Evidence § 2374 [McNaughton rev. 1961].) The cases supporting such a privilege have been collected and may be found in Washburn Law Journal, Vol. 7, p. 116. No cases have been cited from Kansas and our search has disclosed none. However, the rule was codified in K. S. A. 60-436 when the legislature passed the comprehensive Code of Civil Procedure in 1963.

We note this statute places discretion in the trial judge to require disclosure of the identity of an informant in cases when he finds one of the statutory reasons for disclosure present. The judge refused to make such a finding in this case. The refusal to require disclosure of the identity of the informant was properly within the discretion of the trial court. The record fails to show any abuse of that discretion.

This privilege has been recognized by the federal courts. In *McCray v. Illinois*, 386 U. S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, it was said:

"In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search. Yet we are now asked to hold that the Constitution somehow compels Illinois to abolish the informer's privilege from its law of evidence, and to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. The argument is based upon the Due Process Clause of the Fourteenth Amendment, and upon the Sixth Amendment right of confrontation, applicable to the States through the Fourteenth Amendment. Pointer v. Texas, 380 US 400, 13 L ed 923, 85 S Ct 1065. We find no support for the petitioner's position in either of those constitutional provisions." (18 L. Ed. 2d 71.)

(See also *Scher v. United States*, 305 U. S. 251, 83 L. Ed. 151, 59 S. Ct. 174; *Rugendorf v. United States*, 376 U. S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825.)

Accordingly we hold in this case no state or federal constitutional right of confrontation was affected and under the facts and circumstances of this case the trial court properly refused to require disclosure.

The final question raised in this appeal relates to seven packages of marijuana admitted into evidence. Three of the seven packages were the brown paper sacks removed from the station wagon on Wabash Street. These formed the basis for the charge in count one. The remaining four packages relate to count two. Since the question raised applies to both counts it is now necessary to summarize the facts and circumstances giving rise to count two.

On August 27, 1967, Officer Cochran was called to defendant's home because of a family disturbance. Defendant's wife, Virginia, began relating to the officer the cause of the disturbance. The defendant arrived on the premises and a quarrel erupted between husband and wife in the presence of the officer. After they were separated by Officer Cochran, Mrs. Robinson shouted, "I can show you something that you can put him in jail for."

A 1955 green Chevrolet station wagon was parked near the back of the house. Mrs. Robinson led the officer and the defendant to the station wagon. She asked the officer to look in a three gallon water can located in the vehicle. Before he could do so the defendant grabbed the can and extracted a handful of tinfoil. A quantity of marijuana was wrapped in the tinfoil. Officer Cochran took charge of this package and called Detective Myers of the Wichita vice squad. When Detective Myers arrived Officer Cochran handed the marijuana to him and advised him of the facts concerning its discovery. Defendant was placed under arrest for possession of marijuana. He was searched for weapons by Detective Myers and additional marijuana was found in his shirt pocket. Defendant was taken to the police station by Officer Cochran. Mrs. Robinson took Detective Myers on a tour of the premises.

Detective Myers discovered stalks of the marijuana plant growing behind a shed on defendant's premises. He obtained a sample of these plants. Inside the shed he discovered a large concrete slab on which there were leaf particles of the marijuana plant. He obtained a sample of these leaf particles. The samples taken were separately packaged. These two samples together with the marijuana taken from the defendant's shirt pocket and the package

wrapped in tinfoil were marked by Detective Myers and placed in a property locker at the Wichita police station.

The defendant objected to the introduction of all seven packages of marijuana into evidence. He contends a link in the chain of possession is missing because the custodian of the property lockers did not testify as to his possession of these seven exhibits. There is no evidence in the record before us to indicate such a person has charge of these lockers or in any way handled the exhibits. The officer, detective and the police department chemist each testified as to his successive possession of these exhibits. They identified the exhibits handled by reference to their initials and the police case number placed on these packages by them. These property lockers are not available to those outside the police department. Sufficient continuity of possession was shown to establish the identity and relevance of these packages.

The admissibility in evidence of a physical object is to be determined by the trial judge on the basis of its relevance and connection with the accused and with the crime charged. In order to justify its admission its identity must be shown to the satisfaction of the trial judge.

In 2 Wharton's Criminal Evidence (11th Ed.) § 762 at page 1293 it is said:

". . . However, the prevailing view is that it is not necessary that such identification should positively and indisputably describe and relate to such evidence. If a question of fact as to the connection of the articles sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury. The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility. . . ."

We see no lack of positive identification in the present case.

Physical objects connected with a proscribed criminal act, or which serve to unfold or explain it, are generally exhibited in evidence whenever the criminal act is under investigation. (*State v. Joseph Little,* 201 Kan. 101, 439 P. 2d 383; *State v. Jerrel,* 200 Kan. 415, 436 P. 2d 973.)

Although admissibility in the first instance rests in the judicial discretion of the trial judge, if the circumstances surrounding possession of an article are sufficient to infer relevance to the offense charged an issue of fact is presented. The final decision is left for the jury to determine whether the accused owned or possessed the

articles. (2 Wharton's Criminal Evidence [11th Ed.] § 761, p. 1290, 1292.)

The jury found the defendant guilty on both counts of possessing these packages of marijuana. There was no error in admitting the marijuana in evidence.

We have carefully reviewed the record before us and find no prejudicial error. The judgment is affirmed.