No. 45,325

THE STATE OF KANSAS, *Appellee,* v. ROGER R. AYRES, *Appellant.*

(454 P. 2d 534)

Opinion filed May 17, 1969.

*William V. Crank,* of Wichita, was on the brief for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *Roger Hughey,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: A retail liquor store was broken into in the nighttime and several bottles of liquor were stolen.

Defendant was convicted of burglary in the second degree and larceny in connection therewith—and appeals.

At the outset it is noted the state contends there is nothing for appellate review because defendant did not appeal from the order overruling his motion for a new trial and specify such ruling as error, citing *State v. Masarsk,* 198 Kan. 66, 442 P. 2d 557, and other decisions of like effect. The contention is no longer good—see Rule No. 17 of this court found at 201 Kan. xxvii.

Defendant makes only two contentions.

The first is that evidence relied on by the state—exhibits 3, 4, 5 and 7—being bottles of liquor allegedly stolen in the burglary—were obtained as the result of an illegal search of defendant's car and therefore were inadmissible in evidence.

The facts can be summarized briefly.

On August 17, 1967, Mrs. Violet Stevens was the owner of a retail liquor store in Wichita. She and her brother lived next door. About 2:15 that morning they were awakened by a crash and the burglar alarm. They saw two men break the store window, jump into the store and leave carrying bottles of liquor. One of the men had a goatee and wore boots. The other was dark-skinned and resembled an Indian, Mexican or negro. They ran from the store to a dark red or maroon colored Volkswagen and drove away.

The police were notified immediately of the break-in, together with the descriptions. The information was broadcast over the police dispatch. Among those who heard the dispatch over his car radio was officer Pope. A few minutes later, as he drove by a tavern, he saw a man standing outside—who appeared to have a goatee. Pope drove around the block and then pulled into the parking lot of the tavern. A maroon Volkswagen was parked there. By means of a registration check through police headquarters he learned that the car's license tag was issued to one Roger Ayres— defendant in this prosecution.

Pope got out of his car and flashed his light into the Volkswagen. He observed spots on the floor board which appeared to be blood. He went into the tavern looking for Ayres. He and another man went outside and had a brief conversation. He then re-entered the tavern and talked to the bartender. In a few minutes he went back out to the parking lot and saw two of his fellow officers—one of them being officer Pogue—looking into the trunk of the Volkswagen. Pogue had arrived at the scene in response to a police alert to check on possible suspects in the burglary. In the trunk were several bottles of liquor. Officer Pope then went back into the tavern and immediately saw defendant Ayres—who had a goatee. At his request Ayres went outside with him. He placed Ayres under arrest and read to him the "Miranda" warning. After a brief discussion as to whether Ayres had bottles of liquor in the trunk of his Volkswagen—during which Ayres made contradictory statements as to where and when he, Ayres, had gotten them—Pope asked if he could search the trunk. Ayres replied that he could. Pope did so and discovered several bottles of liquor, some wadded clothing which was wet and smelled of liquor—and two pairs of heavy construction boots. The bottles of liquor first seen by officer Pogue, and later discovered by Pope when he searched the trunk of the

car, were identified at the trial by Mrs. Stevens and her employee as being the bottles stolen in the burglary.

In contending as he does, defendant relies on the rule announced in *State v. Blood,* 190 Kan. 812, 819, 378 P. 2d 548 to the effect that without a warrant no search for evidence may be made of an automobile unless there is probable cause on the part of the officer to believe that the automobile contains contraband or stolen property, or unless an arrest has been made upon probable cause, in which event the search must be incidental to the arrest—and argues that here the "search" by the officer Pogue was made prior to the arrest by officer Pope, and that it was made without probable cause on the part of Pogue, and therefore the bottles of liquor later found by Pope were the result of such illegal prior search (by Pogue) and thus were inadmissible in evidence.

In *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527, a somewhat similar question was discussed. It was said that the ability of an automobile to be moved to an unknown location or beyond the jurisdictional reach of the officer makes resort to a search warrant impractical in many instances, and that in such cases if the officer has reasonable cause to believe the vehicle contains contraband or items which offend against the law he may conduct a reasonable warrantless search of the vehicle.

We believe that in view of all the attendant circumstances it cannot be said that the "search" by officer Pogue was without probable cause. He has been alerted to be on the lookout for a maroon Volkswagen used as a get-away car in the burglary. It was in the early morning hours, and such a car was found parked at a tavern across town. Undoubtedly his instincts and training as a police officer aroused his well-founded suspicions that this was the car in question and that it contained bottles of liquor stolen in the burglary. This evidence was not obtained as a result of an illegal search and seizure, and, being properly identified at the trial as having been stolen from the Stevens liquor store—was properly admitted in evidence.

Defendant's other contention is that state's exhibit 6 was not properly or sufficiently identified as evidence, and should not have been admitted.

This exhibit was a half-gallon bottle of "Kentucky Gentleman" whiskey, which had been purchased by the tavern bartender from

the dark-skinned man who was in the tavern at the same time defendant Ayres was there. This bottle—both by brand, size, and the hand-written price mark on it—was positively identified by the owner of the liquor store and her employee as being one of the bottles stolen. In view of this, and the other evidence in the case, the exhibit was properly identified and admitted in evidence.

Neither of defendant's contentions is sustained, and the judgment is affirmed.