No. 46,022

STATE OF KANSAS, *Appellee*, v. RONNIE M. GRIDER, *Appellant*.

(479 P. 2d 818)

Opinion filed January 23, 1971.

*James R. Schaefer*, of Holmes, Darrah and Mellor, of Wichita, argued the cause and was on the brief for appellant.

*Reese C. Jones*, deputy county attorney, argued the cause, and *Kent Frizell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a conviction and sentence for possession of marijuana. (K. S. A. 65-2501, 65-2502 and 65-2519a.)

In August, 1969, information was received by the Wichita Police Department from an informant as to the location of a stash of marijuana. Investigation disclosed two brown paper sacks full of marijuana at the location described. The stash of marijuana was under observation from time to time for two days, and it was not approached. On the third day, August 15, 1969, two police officers went to the area to check the stash. Shortly after 9:00 p. m. they heard an automobile approaching, and concealed themselves in tall weeds to observe.

Two young men came to the river bank, one of whom was the appellant. The appellant stated to his companion, "[d]o you want to come with me to get the stuff?" His companion replied, "[n]o, you go I will wait."

The appellant walked directly to the marijuana and proceeded to fill a small plastic bag from one of the brown sacks. One of the officers who was concealed about ten feet away, approached the appellant and informed him he was a police officer. The appellant then tried to escape but was caught, wrestled to the ground, and the plastic bag was taken from his hand.

The sole question presented is whether the appellant was denied a fair trial by reason of the district court's failure to permit his counsel on cross-examination to inquire as to what was communicated by the informer to police.

On cross-examination appellant's counsel asked Detective Brown who received the telephone call from the informant, "[n]ow, was the informant who advised you in this case the same one who advised you in the other cases, or was this someone new to you," and "[d]id this person know Mr. Grider?"

Objection was made, and the district court ruled the informant in the case was not material to the issue. Appellant's counsel explained he sought to discover what was communicated by the informant to the police and not the identity of the informant. The questions clearly asked who the informant was.

K. S. A. 60-436 protects the identity of an informant unless the judge finds that identity has already been disclosed, or disclosure is necessary to assure a fair determination of the issues. The statute is to encourage those who have knowledge of crime to come forward and disclose information to officers in the field of criminal investigation without fear of disclosure. Thus, under the statute and public policy, disclosure is not favored without just cause.

It is a matter within the sound discretion of the district court as to whether the identity of an informant should be disclosed, and that determination will not be disturbed in the absence of an abuse of discretion. (K. S. A. 60-436; *State v. Robinson*, 203 Kan. 304, 454 P. 2d 527.)

It is noted the informant's information did not furnish the probable cause in this case for an arrest, or a search. There was probable cause for an arrest independent of what the informant told the officer. The officers were directed to a certain spot on a river bank where there was contraband. Marijuana was found at the spot indicated. The informant's information was so far correct, but the officers did not arrest anyone on that basis. They waited. The probable cause for appellant's arrest was his committing a

felony in the presence of police officers. It is really immaterial how the officers happened to be on the river bank. They were in a place where they had a right to be, and they observed a crime being committed, and they arrested the appellant—the perpetrator. This case is quite different from situations where the informant's information provides all, or a great part, of the basis for the arrest, or a search. (*Spinelli v. United States,* 393 U. S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584.)

The district court limited the police officers' testimony regarding the information given by the informant, to that which directed them to the spot on the river bank. It struck the statement concerning the connection between the marijuana on the river bank and the appellant, and admonished the jury as follows:

"The Court: The objection is sustained. And there was a statement made by one of the witnesses as to what an informant might have said concerning the involvements of this defendant. That statement is to be disregarded by the jury. It was improperly brought into the case, and the jury may not consider it in any degree in determining guilt or innocence here. The answer to that question concerning what an informant said which may have implicated this defendant is hearsay and is stricken from the record."

There was no error. Moreover, the statement of the witness stricken by the district court was elicited by appellant's counsel and it has been repeatedly held that a litigant may not by his own act invite error and take advantage of the district court's ruling on appeal. (*State v. Cantrell,* 201 Kan. 182, 187, 440 P. 2d 580.)

The judgment is affirmed.