No. 45,933

STATE OF KANSAS, *Appellee,* v. AARON G. McCOY aka GLENN A. McCOY, *Appellant.*

(483 P. 2d 489)

Opinion filed April 10, 1971.

*A. Price Woodard, Jr.,* of Wichita, was on the brief for the appellant.

*J. Stewart McWilliams,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *James Z. Hernandez,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of the offense of possession and control of a pistol after a previous conviction of burglary and larceny—as denounced by K. S. A. 21-2611.

At about 3:00 o'clock in the morning of June 22, 1969, two Wichita police detectives stopped at a club to make a routine check. In the parking lot was a two-tone blue car which they recognized as one frequently driven by defendant McCoy. The club was known by them as a hang-out for convicted felons. Upon entering they saw defendant sitting at a table. They knew of his prior conviction of burglary and larceny. Upon seeing them he appeared quite "nervous". As he stood up to leave the table his slipover shirt raised and the officers saw what appeared to be a pistol.

Because of the crowded condition of the club and prior threats made by defendant to them, the officers decided not to arrest him on the spot. From their police car they called the dispatcher and reported that defendant—a convicted felon, would soon be leaving the club in a certain described car and that there was reason to believe he was carrying a pistol. They requested that other officers on the "beat" be alerted. This was done, and about an hour later officers saw the car being driven a short distance from the club.

As they prepared to stop it—which was being driven by defendant —they noticed that the muffler was defective. Upon request defendant produced a driver's license. He said the car belonged to a friend, that it was the first time he had driven it, and that he knew nothing about the defective muffler. When asked if they could search the car defendant became "very nervous"—saying that he did not know what was in it and that "there was nothing in it of any interest to them." In the meantime other officers had arrived. When shining a flashlight through the window on the driver's side they saw on the floor what appeared to be a pistol partially wrapped in a red cloth. They opened the door and removed it. It was a pistol identical in appearance to the one observed on defendant's person earlier in the club.

Later that day charges were filed alleging a violation of K. S. A. 21-2611. Defendant was convicted as charged. In this appeal three contentions are made.

The first appears to relate to the sufficiency of the evidence to support the conviction, and some mention is made of the absence of "intent" to possess. No objection was made to the instructions, and in them the jury was correctly instructed on the subject of intent. It is readily apparent the jury simply did not believe the defendant's evidence as to ownership of the car and how the pistol happened to be in it. The evidence was amply sufficient to support the conviction.

The principal point urged is that it was error to admit in evidence the pistol and bullets it contained—the argument being that they were the fruits of an illegal search and seizure. This point likewise is without merit. The pertinent facts and circumstances will not be repeated. Of a certainty, they established that the officers, armed with the information they had, were fully justified in believing the car to contain an object in violation of the law. See *State v. Wood,* 197 Kan. 241, 416 P. 2d 729; *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527; *State v. Ayres,* 203 Kan. 376, 454 P. 2d 534 and *State v. McMillin,* 206 Kan. 3, 476 P. 2d 612.

Finally, it is contended that defendant's motion for a new trial was erroneously overruled because of the admission in evidence of the pistol and bullets. What has been said disposes of this point.

An examination of the record discloses no error. The judgment is affirmed.