No. 47,856

STATE OF KANSAS, *Appellee,* v. DONALD G. PONDS and ANTHONY R. GARRETT, *Appellants.*

(543 P. 2d 967)

Opinion filed December 13, 1975.

*Gary D. Hanna,* of Brown and Hanna, of Wichita, argued the cause and was on the brief for appellant Ponds.

*Ronald D. Heck,* of McDonald, Tinker, Skaer, Quinn and Herrington, of Wichita, argued the cause and was on the brief for appellant Garrett.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: In a joint trial by a jury Donald G. Ponds and Anthony R. Garrett were each convicted of two counts of aggravated kidnapping and two counts of rape. Ponds was also convicted of one count of aggravated sodomy. The jury was unable to agree on an additional two counts charging robbery; these counts were later dismissed by the state and no longer concern us. The jury also disagreed as to a third defendant, Elton D. Donahue, whose conviction in a later trial is this day affirmed in *State v. Donahue,* 218 Kan. 351, 543 P. 2d 962. New trial was denied, both defendants were sentenced to concurrent terms on all counts, and this appeal ensued.

On the evening of July 10, 1973, Ponds, Garrett and Donahue accosted two young co-eds in the parking lot of the Flicker Lounge, a college-age night spot near Wichita State University. Garrett brandished a pistol, thereby providing the men entry into the car. The women were driven to a deserted area where they were sexually assaulted by the trio, and were later driven back toward the university and left in the car. Other facts will be related in discussing the six claims of error.

I. Appellants allege error in allowing the state to endorse certain additional witnesses at and after the start of the trial. Their complaint centers on officer John H. Davis, a WSU security officer, who was endorsed on the first day of trial. He testified that on the evening in question, while driving on 17th Street, he had seen the car containing the three men and two women. He had observed the profile of one of the men while following the car for about five blocks, and was able to identify Ponds as that man.

Appellants emphasize that the state had known for three months that the car had been seen by a WSU officer (the victims had so testified at the preliminary hearing) and that with due diligence could have discovered his name prior to filing the information. The prosecutor stated he just learned the officer's name on the Friday before the Monday trial date. Due diligence is not the test, however. Instead it is incumbent on a defendant to show that his rights were prejudiced by the late endorsement. Whether to allow endorsement rests in the sound discretion of the trial court, and absent abuse will not be disturbed. *State v. Williams & Reynolds*, 217 Kan. 400, 536 P. 2d 1395, Syl. ¶ 1; *State v. Collins*, 217 Kan. 418, 536 P. 2d 1382; *State v. Blocker*, 211 Kan. 185, 505 P. 2d 1099. Appellants were unable to show surprise because, as the trial court pointed out, they also had known since the preliminary hearing that a WSU officer had seen the car, and could have discovered his name themselves. Compare *State v. Robertson*, 203 Kan. 647, 455 P. 2d 570, where a late endorsement of the defendant's accomplices was not prejudicial since the defendant obviously knew of their familiarity with the crime. The defense here was not required to change its trial strategy, nor do the defendants claim that there was evidence that could have met the testimony of officer Davis had they anticipated it. Compare *State v. Eidson*, 143 Kan. 300, 54 P. 2d 977. The officer's testimony "did not change the theory of the prosecution. It merely bolstered the case of the prosecution." (*State v. Robertson*, supra, at 649.) We find no prejudicial error in permitting the late endorsement of officer Davis.

As to the other witnesses endorsed late, appellants do not include their testimony in the record and we are therefore unable to determine if prejudice exists. See *State v. Myers*, 215 Kan. 600, 527 P. 2d 1053.

II. Appellant Ponds complains because no instruction was given specifically detailing which evidence that had been admitted was not to be considered as applicable to him. Counsel requested such an instruction during the course of the trial, and the court indicated one would be given at the close of the case. The result was instruction No. 7:

"Three persons are being tried at the same time for the convenience of the Court, and in this connection evidence has been permitted during this trial which applies to one defendant and obviously does not apply to the others. You are instructed that you must not consider the fact that three persons are being tried together as any evidence whatsoever of the guilt of any of them.

"You should further disregard the evidence which applies solely to one defendant when considering tthe question of the guilt or innocence of the others.

"In the event that you find any defendant guilty under these instructions, you must not consider that fact in your deliberations with respect to the guilt or innocence of the remaining defendants."

Ponds alleges that the instruction is so general in nature that it denied him the right to have the jury consider only the evidence applicable to him. The short answer is that no objection was made to the instruction, as required by K. S. A. 22-3414 (3), nor was any alternative instruction requested. In addition, the one given was adequate to advise the jurors as to their responsibility to consider each defendant separately, and the result indicates they did so.

III. Ponds next complains of the failure to give his requested instruction No. 12:

'The identification of the defendant Donald G. Ponds has been challenged. You are therefore required to find beyond a reasonable doubt that it was the defendant, Donald G. Ponds, who committed the acts alleged."

The argument is that because the identification of Ponds was challenged on cross-examination of the state's witnesses, such a challenge is somehow so unique as to require a separate instruction. We cannot agree. The identification of the defendant as the one who committed the crime is a primary issue in nearly every criminal case. The jury was informed that each and every element of the crime had to be established beyond a reasonable doubt, and identity is one of those elements. "[E]rror cannot be predicated on the refusal to give specific instructions where those which were given cover and include the substance of those refused." (*State v. Skinner*, 210 Kan. 354, 361, 503 P. 2d 168.) See cases collected in 2 Hatcher's Kansas Digest, rev. ed., *Criminal Law*, § 306; 4 West's Kansas Digest, *Criminal Law*, § 829.

The District of Columbia cases cited by Ponds stand for the proposition that a defendant is entitled to an instruction on his theory of the case, *e. g.*, insanity in *Tatum v. United States*, 190 F. 2d 612 (D. C. Cir., 1951). We have no quarrel with this proposition, but find it inapplicable here. No special instruction on identity was required.

IV. Ponds next complains of the admission of a .22 caliber pistol against him. The gun was taken from defendant Garrett, who was arrested tthe day after the incident at a time and place different from that of Ponds' arrest. One of the victims testified that the weapon was about the same size and general appearance as the one

used in the crime, but was unable to identify it with certainty.

This court has consistently held that "[p]hysical objects connected with a proscribed criminal act, or which serve to unfold or explain it, may be exhibited in evidence whenever the criminal act is under judicial investigation." (*State v. Joseph Little*, 201 Kan. 101, 439 P. 2d 383, Syl. ¶ 4.) See also, *State v. Robinson*, 203 Kan. 304, 454 P. 2d 527; *State v. Myers*, 154 Kan. 648, 121 P. 2d 286. In *State v. Robinson*, supra, at 311, we recognized the general rule that admissibility of physical evidence is determined by the trial judge, who must be satisfied as to its relevance and connection with the accused and the alleged crime. We further cited with approval the following from 2 Wharton's Criminal Evidence (11th Ed.), § 762, p. 1293:

". . . However, the prevailing view is that it is not necessary that such identification should positively and indisputably describe and relate to such evidence. If a question of fact as to the connection of the articles sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury. The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility."

Here, at least one of the victims testified that both Garrett and Ponds had possession of a gun during the incident; the weapon was taken from Garrett approximately twenty-four hours after the incident, and it was identified as being similar to the one used during the crime. These circumstances taken together establish enough of a connection to make the weapon admissible.

V. Both appellants allege error in the failure to give instructions on the lesser included offenses of kidnapping and unlawful restraint.

K. S. A. 21-3107 (3) provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

Appellants were convicted of aggravated kidnapping (K. S. A. 21-3421) which is defined as kidnapping when bodily harm is inflicted upon the victim. We may assume that ordinarily a charge of aggravated kidnapping includes both simple kidnapping and unlawful restraint. But it is not enough that a lesser included offense be inherent in the indictment or information. An instruction on the lesser offense must also be based "upon the evidence adduced." (K. S. A. 21-3107 [3].) Thus there must be some evidence

of the lesser crime. In *State v. Masqua*, 210 Kan. 419, 502 P. 2d 728, Syl. ¶ 4, we said:

"The district court has an affirmative duty to instruct on lesser included offenses even in the absence of a request by defense counsel or the prosecution; however, that duty arises only where the omitted instruction is required by the evidence and under circumstances where the appellant might reasonably have been convicted of a lesser offense if the instruction had been given."

Thus if no evidence is presented that could lead to a conviction on the lesser offense, no instruction is necessary. *State v. Pyle*, 216 Kan. 423, 532 P. 2d 1309; *State v. Schriner*, 215 Kan. 86, 523 P. 2d 703; *State v. McDermott*, 202 Kan. 399, 449 P. 2d 545.

Defendants did not testify, and the testimony is uncontroverted in this case that the two kidnap victims were raped. This court has long held that rape constitutes "bodily harm" in a kidnapping case. *State v. Barry*, 216 Kan. 609, 533 P. 2d 1308; *State v. Schriner*, supra; *State v. Brown*, 181 Kan. 375, 312 P. 2d 832. In *State v. Schriner*, supra, where the presence or absence of bodily harm made the difference between first and second degree kidnapping, we said under similar circumstances:

". . . There is no testimony in the record that these persons were not harmed. Under the circumstances the trial court did not err in its refusal to submit an instruction on kidnapping in the second degree, as lesser included offenses of kidnapping in the first degree. . . ." (*State v. Schriner*, supra, 215 Kan. at 91.)

So here, defendants were either guilty of aggravated kidnapping or not guilty. There was no occasion for an instruction on the lesser included offenses.

VI. Finally, appellants complain that the trial court erred in instructing on reasonable doubt. The instruction given was as follows:

"As you have been instructed, before you can find the defendants guilty of any offense, you must be satisfied of their guilt beyond a reasonable doubt. Stated another way, if you have a reasonable doubt as to the existence of any of the elements of the offense, you must acquit the defendants.

"By requiring the State to prove their case beyond a reasonable doubt is not meant that they are required to prove the case to a mathematical or scientific certainty. Few, if any, things in affairs of men are capable of such proof. All that is required is that the proof erase from the minds of the jury, any reasonable doubt as to the guilt of the defendants."

The allegation is that in seeking to explain the term the court in effect told the jury to disregard reasonable doubt.

We cannot agree. It is true that we have often said further explanation of reasonable doubt is unnecessary. *State v. Winston*, 214

Kan. 525, 520 P. 2d 1204; *State v. Osbey*, 213 Kan. 564, 517 P. 2d 141. See also, PIK Criminal § 52.04. But "[t]his court will not reverse a conviction merely because a reasonable doubt instruction was given" where the instruction had been approved before and was "not an erroneous statement of law which would mislead the jury." (*State v. Winston*, supra, at 530.) See also, *State v. McLaughlin*, 207 Kan. 594, 485 P. 2d 1360.

The exact instruction given here was considered in *State v. Price*, 215 Kan. 718, 529 P. 2d 85. Although, because the other instructions were not provided, we were unable to determine if error existed in the instructions as a whole, we stated "[w]e find no error in such an instruction if it tends to aid the jury in arriving at a proper verdict." (*Id.*, at 720.) The same instruction was again held to be non-prejudicial in *State v. Ritson*, 215 Kan. 742, 529 P. 2d 90. We reach the same conclusion here.

The judgment is affirmed.

APPROVED BY THE COURT