No. 48,344

STATE OF KANSAS, *Appellee*, v. JIMMY ROBERTSON, *Appellant*.

(559 P. 2d 810)

Opinion filed January 22, 1977.

*Ira R. Kirkendoll*, public defender, argued the cause, and *William G. Thornton*, legal intern, was with him on the brief for the appellant.

*Thomas D. Haney*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Gene M. Olander*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a jury verdict which found Jimmy "Chico" Robertson (defendant-appellant) guilty of two counts of aggravated burglary (K. S. A. 21-3716); two counts of aggravated assault (K. S. A. 21-3410); and two counts of rape (K. S. A. 21-3502).

The appellant raises two points on appeal. First he contends the trial court erred in denying his motion for a new trial when newly discovered evidence, if accepted, would have provided an alibi to acts committed against one of the victims. Second the appellant contends the trial court erred in denying his requested instruction based on his theory of defense.

The state charged that on April 30, 1975, the appellant broke into the home of D. A., the first complaining party, assaulted her with a knife and then raped her. The victim testified she was asleep in her home when the appellant awakened her, threatened

her with the knife, took her into the hallway and raped her. She described the appellant as "covered with clothing, a sweater, slacks, and a ski-mask." However, during the rape the mask was partially removed and she saw his face from the bridge of the nose down. The victim normally wore glasses or contact lenses but at the time of the attack was not wearing them. Nevertheless, she was able to identify the appellant. Apparently a car similar to the appellant's was seen in the area.

The state also charged that on May 1, 1975, the appellant entered the home of D. B., the second complaining party, assaulted her with a small caliber gun, and then raped her. The details surrounding this assault were not important and were not included in the record on appeal.

An information was filed June 2, 1975. On November 19, 1975, after trial to a jury, a verdict was returned. On December 15, 1975, the appellant's motion for a new trial was heard.

At the hearing on the motion for a new trial, the appellant sought to introduce the affidavit of Miss Connie Davis. Her affidavit stated on April 30, 1975, the appellant's car was not working. The appellant and a friend, Larry, pushed it into her yard. The car remained there until the afternoon of May 1, 1975. The appellant spent the nights of May 2, 3 and 4 at Miss Davis' house. Miss Davis' affidavit stated that she slept very lightly at night and the appellant could not have left her house on the nights mentioned without awakening her.

The trial court did not err in refusing to grant a new trial. When the facts are fully within the knowledge of the defendant at the time of his trial, they cannot subsequently be categorized as newly discovered evidence. (*State v. Arney*, 218 Kan. 369, 373, 544 P. 2d 334; *State v. Anderson*, 211 Kan. 148, 151, 505 P. 2d 691; and *State v. Williamson*, 210 Kan. 501, 506, 502 P. 2d 777.) Here the affidavit indicates the defendant was aware of the facts at the time of trial which he asserts as newly discovered evidence.

The appellant has the burden of showing that the asserted evidence which he claims to be newly discovered could not with reasonable diligence have been produced at trial. (*State v. Arney*, supra at 373.) No showing has been made by the appellant why reasonable diligence at the time of and during the trial could not have produced the evidence now claimed to have been newly discovered. Indeed, the state argues Miss Davis was present at the appellant's trial.

It is also relevant to note that the affidavit does not completely establish the appellant's alibi defense. At best, it discloses his car was not working at the time of the rape and the appellant stayed at Miss Davis' house on the nights following the commission of the offenses. (See *State v. Anderson,* supra at 151.)

The appellant also includes a lengthy proposed instruction on identity. This instruction stated in part:

". . . However, you the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty."

The instruction further required the jury to consider (1) that the witness had the capacity and an adequate opportunity to observe the offender, (2) that the identification made by the witness was the product of her own recollection, (3) any occasion in which the witness failed to make an identification of the defendant, and (4) the credibility of each identification witness.

On appeal the appellant argues this instruction only outlines the standards set forth by the United States Supreme Court in *Neil v. Biggers,* 409 U. S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (and followed by this court in *State v. Nesmith,* 220 Kan. 146, 551 P. 2d 896; and *State v. Mitchell,* 220 Kan. 700, 556 P. 2d 874. However, this does not require that the appellant's special instruction on identification be given. A special instruction on identification similar to that sought by the appellant was rejected by this court in *State v. Ponds and Garrett,* 218 Kan. 416, 419, 543 P. 2d 967; and *State v. Wilson,* 221 Kan. 92, 558 P. 2d 141. There the instructions which were given covered and included the substance of those refused. Here the trial court ruled the appellant's proposed instruction was covered by the prepared instructions.

The jury instructions actually given are not included in the record. The appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. (*State v. Pettay,* 216 Kan. 555, 557, 532 P. 2d 1289.) When a party on appeal raises questions regarding instructions, he must include at least all instructions pertinent to the point in issue in his record on appeal. (*McElhaney v. Rouse,* 197 Kan. 136, 138, 415 P. 2d 241; and *Curby v. Ulysses Irrigation Pipe Co., Inc.,* 204 Kan. 456, 464 P. 2d 245.) Accordingly, we conclude the trial court did not err in refusing to give the appellant's requested instruction.

The judgment of the lower court is affirmed.