No. 51,252

STATE OF KANSAS, *Appellee,* v. CHARLES E. MACK, *Appellant.*

(612 P.2d 158)

Opinion filed June 14, 1980.

*Dallas R. Martin,* of Olathe, argued the cause, and *James A. Wheeler,* of Olathe, was on the brief for the appellant.

*Janet A. Chubb,* assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, *Dennis W. Moore,* district attorney, and *Bruce Miller,* deputy assistant attorney general, were with her on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Charles E. Mack (defendant-appellant) guilty of aggravated robbery (K.S.A. 21-3427). Various trial errors are asserted.

Patty C. Lucas, a clerk in a 7-11 store located in Olathe, Johnson County, Kansas, was the victim of a gunpoint robbery shortly after 11:00 o'clock p.m. on May 2, 1978. Ms. Lucas' testimony provided a substantial part of the evidence against the appellant. Ms. Lucas testified two black men entered the 7-11 store and walked to a cooler in the rear of the store. One of the men then walked to the checkout counter with a bottle of punch. As the man approached the counter he brandished a gun and declared, "This is a stickup." The gun-toting robber ordered Ms. Lucas to open the cash register. The second robber, who was behind the counter putting cigarettes into a paper sack, emptied the contents of the cash register into the sack. A coin box in the

store's safe was emptied into the sack. The gunman also demanded the contents of Ms. Lucas' purse; she relinquished $5.

The robbers attempted to locate a place in the store where Ms. Lucas could be locked up. With hope of avoiding injury to herself, Ms. Lucas offered to stay in the walk-in cooler while the men left. The robbers placed Ms. Lucas in the cooler, then fled on foot.

The police arrived soon after Ms. Lucas reported the robbery. Detective Phillip R. Patterson investigated the crime. He took a statement from Ms. Lucas later the same night. Ms. Lucas gave a description of both robbers. She described the man with the gun as 5'6" tall, weighing 140 pounds; he had a mustache, a full beard about one inch long, and a neatly trimmed afro haircut. The gunman was nicely dressed in dark pants, floral print shirt, black loafers, and a white leisure-style jacket. The second man was also neatly dressed in dark slacks, floral print shirt, and dark loafers. He had no beard or mustache, and wore an afro haircut shorter than the gunman's. Using Ms. Lucas' descriptions a police artist made a composite photo of each suspect. Ms. Lucas described the gun used in the robbery as a small, black, cylinder-type handgun.

Detective Patterson showed Ms. Lucas a mug book the night of the robbery. A mug shot of the appellant was among the photos, but Ms. Lucas did not identify any of the photos as representing either of the robbers.

One week after the robbery, Detective Patterson displayed four photographs before Ms. Lucas and asked her if she could identify any of the men in the photos. Ms. Lucas selected the appellant's photo as depicting the gunman. At trial, Ms. Lucas positively identified the appellant as the gunman. A motion to suppress the courtroom identification was denied. The trial court determined Ms. Lucas had an independent basis for her courtroom identification of the appellant.

The appellant defended on the theory of misidentification. William Willis, a forensic examiner for the Johnson County Criminalistics Laboratory, testified that none of the fingerprints found in the store belonged to the appellant. Ms. Lucas had testified that the robbers touched several items in the store. The latent fingerprints used for comparison by Willis were removed from items identified by Ms. Lucas (walk-in cooler door; bottle of punch).

Ms. Gina Guerra testified that she drove her car to the front of the 7-11 store during the robbery. As Ms. Guerra started to exit her car she observed a black man at the checkout counter who held a gun. She quickly departed. Ms. Guerra testified she observed the gunman for 10-15 seconds. At trial, Ms. Guerra testified the appellant was not the gunman she observed the night of the robbery.

The appellant first specifies that the sentencing judge erred in imposing the mandatory minimum sentence provisions of K.S.A. 1979 Supp. 21-4618, because no evidentiary hearing was held to determine whether a firearm was used by the appellant in the commission of the crime.

We have limited the application of this statute to a defendant personally armed with a firearm at the time the crime is committed. The statute does not suggest that the mandatory sentencing apply to aiders and abettors, accomplices or coconspirators. *State v. Stuart and Jones,* 223 Kan. 600, 607, 575 P.2d 559 (1978). For the statute to be applicable, the State must establish, and the sentencing court must find, that the firearm was an instrumentality of the crime. *State v. DeCourcy,* 224 Kan. 278, 281, 580 P.2d 86 (1978). The State is not obligated to charge, or to prove during trial, that the defendant used a firearm in the commission of the offense. Whether a defendant used a firearm in the commission of an Article 34 offense is a matter to be determined by the trial judge at the time of sentencing. It need not be submitted to the jury. *State v. McCarty,* 224 Kan. 179, 180-81, 578 P.2d 274 (1978); *State v. Mullins,* 223 Kan. 798, 800-01, 577 P.2d 51 (1978). We emphasized in *State v. Quick,* 226 Kan. 308, 318-19, 597 P.2d 1108 (1979), that the sentencing judge should make a finding which *specifies who* used the firearm. On appeal, the scope of review of sentencing under 21-4618 is limited to whether there was competent evidence to support a finding that the defendant used a firearm in perpetrating the crime. *State v. Bryant,* 227 Kan. 385, 388, 607 P.2d 66 (1980); *State v. Taylor,* 225 Kan. 788, 795, 594 P.2d 211 (1979).

The appellant claims an evidentiary hearing should have been conducted prior to sentencing because the sentencing judge had no factual basis for finding that the appellant personally used a firearm. The appellant also contends the sentencing judge failed to make a specific finding as required by *State v. Quick,* 226 Kan.

at 319. Here the judge who conducted the appellant's trial was ill and hospitalized at the time the appellant was sentenced. A different judge pronounced the appellant's sentence.

As in *State v. Quick,* 226 Kan. at 319, the finding of the sentencing judge failed to specify it was the appellant who used a firearm in this particular case. Here the sentencing judge stated:

"I note that in the presentence report there was reference in several instances to the crime having been committed with a firearm. I note further that both counsel for the State and counsel for the defendant commented on the presentence report, making corrections where appropriate, and that no correction was made in that regard such that I have no alternative but to assume the correctness, that a firearm was in fact used in the commission of this crime and that that was the evidence presented at the time of trial. Accordingly I would find K.S.A. 21-4618 is the appropriate statute to sentence this defendant under."

Our decision in *Quick,* disapproving non-specific findings, was not filed until July 14, 1979. The appellant was sentenced on June 27, 1979. The sentencing judge did not have the benefit of our opinion in *Quick.*

On the facts of this case, the sentencing judge's failure to hold an evidentiary hearing, or to specify who used the firearm, does not constitute prejudicial error. Assuming the trial judge technically committed error, the evidence adduced at trial clearly indicates only one of the robbers possessed a gun. The victim positively identified the appellant as the gunman. The appellant was charged and tried as a principal, not as an aider or abettor. The instructions to the jury required a specific finding that the appellant was armed with a deadly weapon. There was overwhelming competent evidence the appellant used a firearm in committing the robbery. *State v. Bryant,* 227 Kan. at 388.

The appellant next specifies the trial court erred in refusing to grant a new trial (K.S.A. 22-3501). Six specific instances of trial court error are cited as sufficient bases for a new trial. Our review of each of the alleged errors discloses the trial court did not err in overruling the appellant's motion for a new trial.

(1) Prior to trial the appellant sought an order compelling disclosure of the identity of an informer who implicated the appellant in the crime. The trial court ordered the State to ascertain whether the informer was a participant or witness to the robbery, and if so, to disclose the informer's identity. On appeal, the appellant does not contend that the State violated the trial court's directive. The appellant asserts the informer's identity

was necessary to ascertain whether the informer was the source of an anonymous threatening phone call to one of the appellant's witnesses. The appellant also contends the informer's identity was needed to test the validity of the victim's photo identification.

It is incumbent upon the defendant to show that the identity of the informer is material to his defense. *State v. Braun,* 209 Kan. 181, 186, 495 P.2d 1000, *cert. denied* 409 U.S. 991 (1972). It is a matter within the sound discretion of the district court as to whether the identity of an informer should be disclosed, and that determination will not be disturbed in the absence of an abuse of discretion. K.S.A. 60-436; *State v. Grider,* 206 Kan. 537, 538, 479 P.2d 818 (1971); see *State v. Knox,* 4 Kan. App. 2d 87, 603 P.2d 199 (1979).

(2) The appellant alleges the trial court erred in admitting into evidence a mug book photograph which had been altered with masking tape to conceal writing and numbers on its face. He contends the photo was prejudicial, despite the State's alteration, because the jury could observe a height scale in the background of the photo. The appellant contends the jury would speculate about prior crimes, hence placing his character in evidence in violation of K.S.A. 60-421 and 60-455. The trial court considered and overruled the appellant's objections, stating the photo was relevant and as altered was not prejudicial.

Admission or exclusion of evidence is within the sound discretion of the trial court, subject to exclusionary rules. *State v. Reed,* 226 Kan. 519, 524, 601 P.2d 1125 (1979). The photograph was obviously relevant evidence. The photograph was identified by the victim in the photo lineup. The validity and credibility of the victim's identification of the appellant was a material issue. The State was careful to limit possible prejudice by concealing the date and number on the photo with masking tape. See *State v. Dotson,* 222 Kan. 487, 489-90, 565 P.2d 261 (1977).

(3) At trial, the appellant's counsel moved for a continuance to locate the first defense witness, Gina Guerra. The appellant contends the trial court erred in requiring counsel, in the jury's presence, to state the reason for the continuance.

The appellant's counsel made the following statement:

"MR. EISENBRANDT: Your Honor, with the Court's permission, I would ask the Court for a short recess to ascertain the whereabouts of my first witness. She

was subpoenaed by the State as well as myself and I talked to her at 9:30 last night and she indicated that she would be here this morning. She also indicated that she did have a problem with her children at that time and I need to find out where she is. My next witness isn't scheduled to be here for about a half hour and I had no way of knowing if the State was going to rest its case now or not. So I'd ask for a short recess so I could find the whereabouts of this witness, please.

"THE COURT: Very well. Members of the jury, we'll take a short recess. The admonition heretofore given will apply."

The State contends it is pure speculation to say what the jury thought of appellant's counsel's request; appellant's counsel explained the witness had a problem with her children. The State nevertheless speculates there was an inference that Ms. Guerra may have had trouble obtaining a babysitter. When Ms. Guerra later appeared tó testify, she held her three children about her on the witness stand. We are satisfied that no prejudice resulted from the trial court's order.

(4) The appellant contends the trial court erred in refusing to give the reasonable doubt instruction approved by this court in *State v. Wilkins,* 215 Kan. 145, 153, 523 P.2d 728 (1974). The trial court instructed the jury on reasonable doubt using PIK Crim. 52.02. Additional instructions defining reasonable doubt are unnecessary. *State v. Ponds and Garrett,* 218 Kan. 416, 421, 543 P.2d 967 (1975). See PIK Crim. 52.04.

(5) The appellant contends the trial court erred in refusing to instruct the jury on identification testimony. The appellant requested the trial court give an instruction adapted from *United States v. Telfaire,* 469 F.2d 552, 558 (D.C. Cir. 1972).

We have previously considered the possible use of a specific instruction on identification. See *State v. Porter,* 223 Kan. 114, 574 P.2d 187 (1977); *State v. Robertson,* 221 Kan. 409, 559 P.2d 810 (1977); *State v. Wilson,* 221 Kan. 92, 558 P.2d 141 (1976); *State v. Ponds and Garrett,* 218 Kan. at 419. In *State v. Robertson,* 221 Kan. at 411, we rejected the need for an instruction modeled after the *Telfaire* instruction. Here, as in *Robertson,* the instructions given covered and included the substance of the one refused.

(6) The appellant contends the trial court erred in not granting a new trial because of juror misconduct. In an affidavit, one juror stated the jury conducted an experiment to determine ability to estimate correct height.

We view such an experiment as part of the jury's deliberative

process. It was not misconduct or receipt of evidence out of court. Jurors are instructed to use common knowledge and experience in their deliberations. PIK Crim. 52.09. See *United States v. Hephner,* 410 F.2d 930 (7th Cir. 1969); *People v. Smith,* 223 Cal. App. 2d 225, 237, 35 Cal. Rptr. 719 (1963), *overruled on other grounds sub nom. People v. Hood,* 1 Cal. 3d 444, 82 Cal. Rptr. 618, 462 P.2d 370 (1969).

Finally, the appellant contends the trial court erred in refusing to grant a judgment of acquittal. A trial judge in passing on a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt. *State v. Tillery,* 227 Kan. 342, 345, 606 P.2d 1031 (1980); *State v. Rodriquez,* 226 Kan. 558, 564, 601 P.2d 686 (1979). We have reviewed the evidence and are satisfied the trial court committed no error in refusing the appellant's motion.

The judgment of the lower court is affirmed.