558 

No. 51,894

STATE OF KANSAS, *Appellee,* v. ALLEN R. JORDAN, *Appellant.*

(629 P.2d 1172)

Opinion filed December 6, 1980. 

*Roger C. Green,* of El Dorado, argued the cause and was on the brief for the appellant.

*Geary N. Gorup,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

*Per Curiam:* Allen R. Jordan appeals from his jury trial conviction of first-degree murder (K.S.A. 21-3401), rape (K.S.A. 1979 Supp. 21-3502), and aggravated burglary (K.S.A. 21-3716).

On May 9, 1979, the body of Kay L. Robinson was discovered in an apartment in Augusta. Her throat had been slashed. Additional facts will be supplied as necessary for the determination of particular points on appeal.

Defendant's first point is that the trial court erred in permitting Miss X to testify at trial. Before proceeding to the particular grounds upon which defendant urges the testimony should have been excluded, it is necessary to state the relationship of Miss X to this case and the circumstances involved in her availability as a witness.

In June of 1978, Miss X told Wichita police she had been raped by defendant and her detailed statement was taken. Rape charges were filed against defendant. Miss X moved to California shortly thereafter as the result of harassment by defendant's wife. The rape charges were dismissed for lack of a complaining witness, but defendant's parole was revoked.

The details of the crimes against Miss X and Miss Robinson were strikingly similar. Both women were teenagers. The attack in each instance occurred when the victim had visited a boyfriend's apartment, although the boyfriend was not at home. In each case defendant was a tenant in the same apartment building where the boyfriend's apartment was located. Each victim knew defendant. Defendant forced Miss X to promise she would not tell authorities of the attack. Miss X did tell the police and defendant had his parole revoked. The State theorized it was this

experience which led defendant to kill Miss Robinson after raping her.

Shortly after his appointment to represent defendant herein, defense counsel was provided with copies of the police reports and statements relative to the rape of Miss X. The prosecutor truthfully advised defense counsel he did not know where in California Miss X was living and did not anticipate she would be available as a witness. There was a discussion to the effect that if defendant put on evidence of good character, then the prosecutor would attempt to put in evidence of the rape of Miss X. By oversight, Miss X was not actually endorsed as a witness until a few days before trial. The prosecutor made a last minute effort to locate Miss X, but was unsuccessful. As a part of this procedure, the prosecutor notified Miss X's mother, a Kansas resident, of the trial and of the State's need to find her. The mother did not know how to contact Miss X.

On the first day of trial, while the jury was being selected, Miss X showed up. She had called her mother, learned of the trial, and returned to Kansas. Neither the prosecutor nor defense counsel anticipated this development. She was not called as a witness until the third day of trial. Defense counsel knew of her availability on the first day of trial but made no effort to interview her. Defense counsel objected to the witness and the objection was overruled.

Defendant contends the trial court erred in permitting Miss X to testify on the following grounds:

1. Defendant was surprised by the late endorsement of the witness and the witness should have been excluded, or a continuance granted;

2. The evidence was highly prejudicial to defendant and under the totality of the circumstances should have been excluded if defendant were to receive a fair trial; and

3. Calling the witness in the State's case-in-chief violated an agreement between the prosecutor and defense counsel that the witness, if used at all, would be called only as a rebuttal witness.

The grounds overlap to a considerable degree and will be dealt with as a group. It should be noted that there is no contention the evidence was not admissible under K.S.A. 60-455. In *State v. Stafford,* 213 Kan. 152, 164, 515 P.2d 769 (1973), this court discussed late endorsement of witnesses, holding:

"The requirement of endorsement of witnesses is a safeguard extended to a defendant to prevent surprise and give him an opportunity to examine the witnesses for the state in advance of trial. Subsequent endorsement and use of witnesses must be left to the discretion of the trial court as the interest of justice may require. The exercise of this judicial discretion is not without limitation. When it is shown the use of such witnesses will result in surprise and material prejudice preventing a fair preparation for defense, the granting of permission to endorse and use additional witnesses constitutes an abuse of judicial discretion (*State v. Robertson,* 203 Kan. 647, 455 P.2d 570 [1969])."

See also *State v. Wilson & Wentworth,* 221 Kan. 359, 364-365, 559 P.2d 374 (1977); and *State v. Ponds and Garrett,* 218 Kan. 416, 417-418, 543 P.2d 967 (1975).

In the case before us the late endorsement of the witness did not alter the situation. Defense counsel knew of the witness and the nature of her evidence almost from the time of his appointment. The "surprise" was the availability of the witness. Defendant had two days after her availability was known to both counsel in which to interview her had he so desired.

Early in the case the prosecutor and defense counsel discussed the witness and the State's difficulty in locating her. It was understood that she would probably not be available at trial. The prosecutor indicated that he, in all likelihood, would be unable to introduce any evidence of prior crime unless defendant "opened the door" in some manner. There is no evidence of any bad faith on the part of the prosecutor or that he intentionally misled defense counsel in any respect.

Certainly, Miss X's testimony was damaging to defendant, but it was clearly admissible under the rules set forth in *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974). No error or abuse of discretion is shown in its admission.

Defendant's second point on appeal is that the trial court erred in overruling his motion to restrict media dissemination of information relative to the case. Defendant does not contend that the jury panel was prejudiced or that the trial court erred in denying his motion for a change of venue. No difficulty was experienced in selecting a jury. In fact, no prejudice of any kind is claimed or shown to have resulted from the pretrial publicity in this case. Under such circumstances no claim of reversible error can be predicated on the court's denial of defendant's motion.

The judgment is affirmed.