(737 P.2d 876)

No. 59,559

STATE OF KANSAS, *Appellee*, v. WALLACE EUGENE ADAMS, *Appellant*.

Opinion filed June 4, 1987.

*John C. Donham*, legal intern, and *Steven R. Zinn*, supervising attorney, of Kansas Appellate Practice Clinic, of Lawrence, and *Benjamin C. Wood*, chief appellate defender, of Topeka, for appellant.

*John Eyer*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before MEYER, P.J., PARKS and DAVIS, JJ.

DAVIS, J.: The defendant, Wallace E. Adams, appeals from

convictions for aggravated assault and aggravated battery (K.S.A. 21-3410[a]; 21-3414[c]). He also appeals from the sentence imposed under the provisions of the mandatory firearms sentencing act, K.S.A. 1986 Supp. 21-4618.

The charges stem from an incident that occurred on March 6, 1986, in a car repair shop owned by Donald Duncan. Defendant entered Duncan's shop and demanded from Duncan the return of certain personal property. Duncan denied that the items belonged to defendant and refused to return them. Defendant then pulled a gun from behind him, cocked it, pointed it at Duncan, and threatened to "blow [his] head off" ("brains out") or to "pistol-whip [him] to death" if he did not return the items. Defendant began to swing the gun in Duncan's face. Duncan raised his arms to fend off the blows and was struck three or four times on the left arm. Defendant stepped back, pulled the hammer back on the gun, and again threatened to blow Duncan's brains out. Defendant then held the gun by the barrel and hit Duncan on the ear or the side of the head with the butt of the gun. Twice more defendant cocked the gun, pointed it at Duncan, and threatened to shoot him before he drove away from the shop.

At trial, defendant did not dispute that he struck Duncan with the gun. He, however, claimed that the gun used was not a .38-caliber pistol, as alleged in the information, but a Daisy Model 57 replica of a .38 or .357 Magnum revolver, which fires plastic pellets. Although Duncan and three eyewitnesses testified that defendant used a .38-caliber revolver, no such weapon was ever found. Police did find the Daisy hidden in the rafters of the body shop where defendant worked. The State introduced the Daisy into evidence at trial.

Defendant first contends that the trial court erred by failing to instruct the jury on the lesser included offense of battery. He contends that a question of fact existed about whether he used the Daisy or a .38 revolver. He argues that the jury reasonably could have found that he used the Daisy and, thus, reasonably could have convicted him of the lesser included offense.

"The trial court has an affirmative duty to instruct the jury on all lesser included offenses established by the evidence. See K.S.A. 1986 Supp. 21-3107(3). This duty arises, however, only

when there is evidence under which the defendant may reasonably be convicted of the lesser offense." *State v. Bishop*, 240 Kan. 647, 654-55, 732 P.2d 765 (1987) (citing *State v. Everson*, 229 Kan. 540, 542, 626 P.2d 1189 [1981]).

The pertinent statutes state as follows:

"**21-3412. Battery.** Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner.
"Battery is a class B misdemeanor."
"**21-3414. Aggravated battery.** Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which . . . .

. . . .
"(c) Is done with a deadly weapon . . . .
"Aggravated battery is a class C felony."

In his brief, defendant asserts that "[t]he State grounded its charge of aggravated battery solely upon the use of a deadly weapon, to-wit: a .38 caliber pistol" and argues that "the distinction between simple battery, K.S.A. 21-3412, and aggravated battery, K.S.A. 21-3414(c), depended entirely upon whether or not a real firearm was used."

Contrary to defendant's argument, whether he committed battery or aggravated battery did not depend merely on whether he used a "real firearm." The allegation in the information that defendant used a .38 pistol did not require the State to prove at trial that the deadly weapon used was a .38. See *State v. Lee*, 197 Kan. 463, 419 P.2d 927 (1966), *cert. denied* 386 U.S. 925, 17 L. Ed. 2d 797, 87 S. Ct. 900 (1967). The trial court instructed the jury that to convict defendant of aggravated battery it must find "[t]hat it was done with a deadly weapon." Even if the jury found that defendant used the Daisy, not a .38, it still had to decide whether or not the Daisy was a deadly weapon.

In *State v. Hanks*, 236 Kan. 524, 694 P.2d 407 (1985), the supreme court defined a deadly weapon as "an instrument which, *from the manner in which it is used,* is calculated or likely to produce death or serious bodily injury." 236 Kan. at 537 (emphasis added); see *State v. Bowers*, 239 Kan. 417, 422, 721 P.2d 268 (1986) (objective test).

No question exists that a .38-caliber pistol is a deadly weapon, whether fired or used as a club. The jury, however, could have found that defendant used the Daisy, not a .38. Therefore, we

assume for the purposes of this appeal that defendant used the Daisy.

The Daisy has been included in the record on appeal, and we, like the trial court, have had the opportunity to view it, to hold it, and to consider its physical characteristics. Although not as heavy as a .38 or .357 Magnum revolver—Washington County Sheriff Terry Taylor estimated that the Daisy weighed one-fifth the weight of a "real weapon"—the Daisy nevertheless is a solid, heavy object, approximately the size of an actual .38 or .357 Magnum revolver. Four eyewitnesses testified that the gun, when dropped by defendant, hit the floor with a heavy thud. In our opinion, no question exists that the Daisy is calculated or likely to produce death or serious bodily injury when used as a club. See *State v. Killion*, 95 Kan. 371, 379, 148 Pac. 643 (1915). Under the facts of this case, defendant was guilty of aggravated battery or nothing. See *State v. McMillan*, 217 Kan. 633, 538 P.2d 683 (1975).

Second, defendant contends that the trial court erred by failing to instruct the jury on the lesser included offense of simple assault. The trial court had a duty to instruct on simple assault if the jury reasonably could have found from the evidence that defendant did not assault or strike at Duncan with a deadly weapon. K.S.A. 21-3408; 21-3410(a).

Our supreme court has adopted a subjective analysis for determining whether an assault was committed with a deadly weapon. In *State v. Deutscher*, 225 Kan. 265, 589 P.2d 620 (1979), the defendant was convicted of aggravated assault on a law enforcement officer. The evidence supported the defendant's claim that he pointed an unloaded .357 Magnum at the officer. The court held that "an unloaded revolver which is pointed in such a manner as to communicate to the person threatened an apparent ability to fire a shot and thus do bodily harm is a deadly weapon within the meaning expressed by the legislature in the assault statutes, K.S.A. 21-3408, 21-3410, and 21-3411." 225 Kan. at 270-71; see *State v. Johnson*, 8 Kan. App. 2d 368, 657 P.2d 1139, *rev. denied* 233 Kan. 1093 (1983).

Again, we assume that defendant used the Daisy, not a .38 pistol. When we consider the physical characteristics of the Daisy, we conclude that defendant was guilty of aggravated

assault or nothing. Defendant swung the Daisy, which is unquestionably an object capable of inflicting bodily harm, at Duncan's head; Duncan raised his arms to fend off the blows. In addition, Duncan testified that he believed defendant pointed a real .38 revolver at him and that he was concerned that defendant might carry out his threats to shoot. No evidence was presented from which the jury reasonably could have concluded that defendant committed a simple assault.

Finally, defendant argues that the trial court erred by sentencing him under the mandatory firearms sentencing act. K.S.A. 1986 Supp. 21-4618. He contends that the Daisy is not a "firearm" within the meaning of the statute.

Whether a defendant used a firearm in the commission of an offense is a matter to be determined by the trial judge at the time of sentencing. *State v. Mack*, 228 Kan. 83, 85, 612 P.2d 158 (1980). On appeal, the trial court's finding that the defendant used a firearm during the commission of a crime must be affirmed if supported by competent evidence. *State v. Payton*, 229 Kan. 106, 111, 622 P.2d 651 (1981); *State v. Mack*, 228 Kan. at 85.

In this case, the trial court did not find that defendant used a .38-caliber pistol; rather, the court assumed that defendant used the Daisy. The trial court held that the Daisy was a firearm because it (1) had the appearance of a real gun and (2) fired a projectile.

Disposition of defendant's contention is governed by two recent supreme court decisions. In *State v. Davis*, 227 Kan. 174, 605 P.2d 572 (1980), the defendant used a starter pistol to rob a 7-11 store. On appeal, he attacked his conviction for aggravated robbery and the imposition of a mandatory minimum sentence pursuant to K.S.A. 1978 Supp. 21-4618, arguing that the starter pistol was neither a "dangerous weapon" within the meaning of K.S.A. 21-3427 nor a "firearm." The court rejected defendant's contention that the starter pistol was not a dangerous weapon, employing a subjective analysis to conclude that "[t]he victim could not determine from viewing the gun that it was a starter pistol with a blocked barrel." 227 Kan. at 177. The court, however, agreed with the defendant that the starter pistol was not a firearm. The court noted that "[a] firearm is consistently defined

in terms of its design or capacity to propel a projectile by force of an explosion, gas, or other combustion." 227 Kan. at 177.

In *State v. Fowler*, 238 Kan. 213, 217, 708 P.2d 539 (1985), the court held that a Crosman .177-caliber pellet gun was a firearm. The court gave the following reasons for its decision:

"[I]n the instant case an expert testified that the sudden release of compressed air is an explosion, and although the release of compressed air is a different type of explosion than one created by gunpowder, the principle is the same. He also testified a pellet gun could cause injury to a human being.

"It is clear that pellet guns are not toys. It is the opinion of this court that the legislature intended to deter criminals from using dangerous air pellet guns as well as guns powered by the explosion of gunpowder. The legislature sought to curb not only death caused by the use of firearms, but also injury to persons.

. . . .

"We find the pellet gun described in this case fits within our definition of a 'firearm' because it is capable of and was designed to 'propel a projectile by force of . . . gas . . . .' " 238 Kan. at 217.

In this case, two witnesses testified that the Daisy shoots plastic pellets. Sheriff Terry Taylor described the gun as "a Daisy Model 57, .25 caliber, 6 millimeter plastic pellet gun made by Daisy." Defendant testified that the Daisy "shoots plastic bullets."

The record, however, contains no testimony about *how* plastic pellets are discharged from the Daisy—whether by force of an explosion, gas, or other combustion, as required by *Davis* and *Fowler*, or by operation of a spring or other mechanical device. Our examination of the Daisy reveals that it does not propel pellets by means of gas stored in a CO2 cartridge or pumped into the gun.

In appearance and function the Daisy resembles a .38 or .357 Magnum revolver. The plastic shells, two of which are in the record on appeal, resemble .38 or .357 Magnum shells. One shell fits into each of the six chambers of the cylinder. Pulling the trigger causes the cylinder to rotate and the hammer to rise and fall. What force or forces the striking hammer sets in motion, however, cannot be discerned from an examination of the features of the gun or from the appearance of the shells.

The trial court's conclusion that defendant used a firearm in the commission of the offense is not supported by competent

evidence. The court's imposition of sentence pursuant to K.S.A. 1986 Supp. 21-4618 must be vacated and the case remanded for resentencing pursuant to K.S.A. 1986 Supp. 21-4501.

Convictions affirmed; sentences vacated; case remanded for resentencing.