(311 P.3d 1157)

No. 108,335

STATE OF KANSAS, *Appellee*, v. TIMOTHY WAYNE CRADDICK,
*Appellant*.

Opinion filed November 1, 2013.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J, PIERRON and LEBEN, JJ.

PIERRON, J.: Timothy Wayne Craddick appeals his sentence for two counts of attempted aggravated assault. Craddick pointed his Ruger Airhawk pellet rifle at his victims and threatened to shoot them if they did not put his dog on the ground. The district court found that Craddick had committed his crimes with a firearm, which triggered a presumptive prison sentence under K.S.A. 2011 Supp. 21-6804(h). Craddick's pellet rifle was not a firearm under K.S.A. 2011 Supp. 21-5111(m) because rather than propelling projectiles by force of an explosion or combustion, it propels projectiles by force of air or gas. The district court's erroneous firearm designation requires us to vacate Craddick's sentence and reverse and remand his case for resentencing.

The State charged Craddick with two counts of aggravated assault with an Airhawk air rifle. At the preliminary hearing, Craddick's victims testified that on September 18, 2011, he threatened to shoot them with his "rifle gun." The information was subsequently amended to charge two counts of attempted aggravated assault with a "pellet rifle." Craddick pled no contest to the amended charges, and the district court adopted the preliminary hearing evidence as the factual basis for his plea.

The presentence investigation (PSI) report recommended the district court apply the special sentencing rule that changes a guidelines sentence from presumptive probation to presumptive prison if the person felony was committed with a firearm. Craddick filed an objection to the PSI report. He argued he did not commit a person felony with a firearm, triggering a presumptive prison sentence under K.S.A. 2011 Supp. 21-6804(h), because his Ruger Airhawk pellet rifle did not qualify as a firearm under 2011 Supp. K.S.A. 21-5111(m).

The State agreed that Craddick had used a Ruger Airhawk pellet rifle to commit his crimes. After hearing the arguments of counsel, the district court found that Craddick's crimes were committed with a firearm. Consequently, the special rule was applied and Craddick was sentenced to a controlling term of 11 months' imprisonment—a mitigated guidelines sentence of 11 months on one count and a standard guidelines sentence of 6 months on the other count, to run concurrently. He timely appeals.

Craddick argues the district court should not have applied the special rule that changed his presumptive sentence from probation to imprisonment because the pellet gun he used to commit his crimes is not a firearm under K.S.A. 2011 Supp. 21-5111(m). We agree with Craddick.

*Standard of Review*

Whether a defendant used a firearm in the commission of a crime is a matter to be determined by the district court at sentencing, and an appellate court must affirm such determination if it is supported by competent evidence. *State v. Mack*, 228 Kan. 83, 85, 612 P.2d 158 (1980). Moreover, the interpretation of a sentencing statute is a question of law over which an appellate court exercises unlimited review. *State v. Ardry*, 295 Kan. 733, 735, 286 P.3d 207 (2012).

In *State v. Davis*, 227 Kan. 174, 605 P.2d 572 (1980), the Kansas Supreme Court tackled the issue of whether a starter pistol was a firearm for purposes of a sentencing rule. At that time, the Kansas Legislature had not yet defined "firearm." After reviewing caselaw from other jurisdictions, the *Davis* court held: "A firearm [has the]

design or capacity to propel a projectile by force of an explosion, gas, or other combustion." 227 Kan. at 177. Because the parties had stipulated the defendant used "a .22 caliber blank gun which was incapable of firing a projectile because the barrel was blocked by a piece of metal" (*i.e.*, lacked the design or capacity to propel a projectile), the district court's firearm designation was erroneous. 227 Kan. at 175, 178; see *State v. Pelzer*, 230 Kan. 780, 780-82, 640 P.2d 1261 (1982) (applying *Davis* definition to hold that handgun with defective firing mechanism was a firearm despite being inoperable).

In *State v. Fowler*, 238 Kan. 213, 708 P.2d 539 (1985), the court resolved the issue of whether a pellet gun was a firearm for purposes of a sentencing rule. It was undisputed that the defendant used a Crosman .177 caliber pellet gun. At the sentencing hearing, an expert testified the handle of the gun contained a cartridge of compressed carbon dioxide gas, pulling the trigger discharged the gas which forced a pellet through the barrel, the gun operated like a pump air rifle, and "the sudden release of compressed gas is a type of explosion." 238 Kan. at 213-14. The court held that "the pellet gun . . . fits within our definition of a 'firearm' because it is capable of and was designed to 'propel a projectile by force of . . . gas . . . .' " 238 Kan. at 217. But the court contradicted its holding by noting an expert had testified that "although the release of compressed air is a different type of explosion than one created by gunpowder, the principle is the same." 238 Kan. at 217.

In *State v. Johnson*, 8 Kan. App. 2d 368, 657 P.2d 1139, *rev. denied* 233 Kan. 1093 (1983), the court addressed the issue of whether a pump air rifle was a firearm for purposes of a sentencing rule. There was evidence the air rifle used by the defendant was designed for and capable of shooting BB's or .177 caliber pellets. The court held that the air rifle was not a firearm because it "was not originally designed to propel a projectile by explosive force nor did it have the capacity to do so." 8 Kan. App. 2d at 370; see *Fowler*, 238 Kan. at 217 (leaving open the air rifle issue and the validity of *Johnson*).

Finally, in *State v. Adams*, 12 Kan. App. 2d 191, 737 P.2d 876 (1987), the court dealt with the issue of whether a pellet gun was

a firearm for purposes of a sentencing rule. There was evidence the defendant used a Daisy Model 57, .25 caliber, 6 millimeter plastic pellet gun that shot plastic pellets. But there was no evidence regarding *how* the plastic pellets were discharged from the Daisy—whether by force of an explosion, gas, or other combustion as required by *Davis* and *Fowler*; or by operation of a spring or other mechanical device. Admittedly, the court conducted outside research to conclude the pellet gun did not propel pellets by means of gas stored in a $CO_2$ cartridge or pumped into the gun, *i.e.*, *Fowler* did not control. 12 Kan. App. 2d at 196. The court held that the district court's firearm designation was not supported by competent evidence because it was unclear "[w]hat force or forces the striking hammer sets in motion." 12 Kan. App. 2d at 196-97.

Twenty-one years after *Adams*, the Kansas Legislature chose to define firearm as "any weapon designed or having the capacity to propel a projectile by force of an explosion or combustion." K.S.A. 2011 Supp. 21-5111(m); L. 2008, ch. 150, sec. 2. At the time Craddick committed his crimes, a sentencing rule provided that "[w]hen a firearm is used to commit any person felony, the offender's sentence shall be presumed imprisonment." K.S.A. 2011 Supp. 21-6804(h).

The issue we must resolve is whether a pellet gun, like the one Craddick used during the commission of attempted aggravated assault, propels a projectile by explosion or combustion under K.S.A. 2011 Supp. 21-5111(m). *Fowler* does not control because it interpreted the caselaw definition of a firearm, which included propulsion by gas, not the subsequent statutory definition.

The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Therefore, when the statutory language is plain and unambiguous, an appellate court need not resort to statutory construction. *State v. Spencer*, 291 Kan. 796, 820-21, 248 P.3d 256 (2011).

An appellate court strictly construes a criminal statute in favor of the accused, which simply means that the court reads words with their ordinary meaning. Any reasonable doubt about a word's meaning is decided in favor of the accused. *State v. Bonner*, 290

Kan. 290, 296, 227 P.3d 1 (2010). And it is presumed that the legislature acted with full knowledge and information about the statutory subject matter, prior and existing law, and the judicial decisions interpreting the prior and existing law and legislation. *State v. Bee*, 288 Kan. 733, 738, 207 P.3d 244 (2009).

Jurisdictions that define "firearm" like Kansas does—as a weapon that propels a projectile by explosion or combustion—have held that pellet guns are not firearms. California defines firearm as "a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of any explosion or other form of combustion." Cal. Penal Code § 16520(a) (2012). California appellate courts have held that " 'toy guns obviously do not qualify as a "firearm," nor do pellet guns or BB guns because, instead of explosion or other combustion, they use the force of air pressure, gas pressure, or spring action to expel a projectile.' " See *People v. Law*, 195 Cal. App. 4th 976, 983, 124 Cal. Rptr. 3d 779 (2011), *rev. denied* August 24, 2011 (quoting *People v. Monjaras*, 164 Cal. App. 4th 1432, 1435, 79 Cal. Rptr. 3d 926 [2008], *rev. denied* October 28, 2008). A Virginia appellate court interpreted the Black's Law Dictionary 710 (9th ed. 2009) definition of firearm—"[a] weapon that expels a projectile (such as bullet or pellets) by the combustion of gunpowder or other explosive"—to exclude guns that "expel[] projectiles through the use of compressed gas." *Justiss v. Commonwealth*, 61 Va. App. 261, 271-72, 734 S.E.2d 699 (2012).

Furthermore, jurisdictions that define firearm as a weapon that propels a projectile by explosion only have also held that pellet guns are not firearms. See, *e.g.*, *Miller v. State*, 616 N.E.2d 750, 757, n.13 (Ind. App. 1993) (A pellet gun is not a firearm under Ind. Code § 35-47-1-5 "because carbon dioxide ($CO_2$), the propellant in this case[,] is a non combustible gas and, thus, cannot explode"; rather, "[t]he expansion of compressed gas that propels the pellet is a physical force, like the force from a compressed spring in a BB gun."). Finally, federal law defines firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A) (2006). But "[a] weapon, com-

monly known as a 'BB' or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is . . . not a firearm." United States Sentencing Commission Guidelines Manual (2012) § 1B1.1, cmt. n. 1.G. See *United States v. Smith*, 905 F.2d 1296, 1300 (9th Cir. 1990).

The Kansas Legislature adopted the *Davis* definition of firearm with one critical distinction: it excluded weapons that propel projectiles by force of gas. See K.S.A. 2011 Supp. 21-5111(m); *Davis*, 227 Kan. at 177. We must presume the legislature acted with full knowledge of the judicial decisions interpreting the existing law. See *Bee*, 288 Kan. at 738. Therefore, Craddick's pellet gun is a firearm if it propels projectiles by force of an explosion or combustion. There is no direct evidence of how Craddick's Ruger Airhawk pellet rifle propels projectiles, but the name of the weapon suggests that it propels pellets by force of air. *Cf. Adams*, 12 Kan. App. 2d at 196. It has been held that an air rifle does not propel projectiles by force of an explosion. See *Johnson*, 8 Kan. App. 2d at 370. Courts in other jurisdictions have reached the same conclusion based on the fact that the expansion of compressed air or gas is neither an explosion nor combustion and is similar to the expansion of a compressed spring. See *Law*, 195 Cal. App. 4th at 983; *cf. Miller*, 616 N.E.2d at 757, n.13. Therefore, we hold that Craddick's pellet gun is not a firearm under K.S.A. 2011 Supp. 21-5111(m). The district court erred in sentencing Craddick.

Sentence vacated and case remanded for resentencing.