NOT DESIGNATED FOR PUBLICATION

No. 116,900

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA LEIGH JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed September 29, 2017. Sentence vacated and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckleman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.


PER CURIAM: In July 2016, Joshua Jones pled guilty to one count of aggravated robbery and one count of attempted aggravated robbery. Jones used a plastic Sig Sauer pellet/BB gun in his crimes. When the district court calculated Jones' criminal history score for sentencing purposes, the court decided that Jones' 2002 Oregon conviction for fleeing or attempting to elude a police officer should be classified as a person felony. In addition, because Jones used a BB gun during his crimes, the district court found that a special sentencing rule applied which required that his sentence be a presumed prison sentence.

1

Jones argues on appeal that the district court erred in classifying the Oregon conviction as a person felony and, instead, that it should be classified as a nonperson felony. Jones is correct. Because the Oregon statute is most comparable to the Kansas fleeing or attempting to elude nonperson misdemeanor provision, the Oregon conviction should have been classified as a nonperson felony. In addition, Jones argues that the district court erred in finding that a BB gun was a firearm requiring imposition of the special sentencing rule. Because a BB gun does not propel projectiles by force of an explosion or combustion, Jones' BB gun is not a "firearm" under K.S.A. 2016 Supp. 21-6804(h), so Jones is correct. The State concedes this point on appeal. Accordingly, Jones' sentence is vacated and the matter is remanded for resentencing.

FACTUAL AND PROCEDURAL HISTORY

In July 2016, Jones engaged in a day-long criminal spree which ultimately resulted in his plea of guilty to one count of aggravated robbery and one count of attempted aggravated robbery. These crimes are considered severity level 3 and severity level 5 felonies, respectively. K.S.A. 2016 Supp. 21-5420(c)(2); K.S.A. 2016 Supp. 21-5301(c)(1). Jones used a plastic Sig Sauer pellet/BB gun in his crimes.

When the district court calculated Jones' criminal history score for sentencing purposes, the court decided that Jones' 2002 Oregon conviction for fleeing or attempting to elude a police officer (fleeing and eluding) should be classified as a person felony making him a criminal history score of B. Jones was sentenced to 216 months in prison, the midrange sentence under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-6801 et seq. Because Jones was on probation at the time of the crimes, the trial court found that a special sentencing rule applied—K.S.A. 2016 Supp. 21-6604(f)(1)—which provides that if a new felony is committed while an offender is on probation, the court *may* impose prison even if the presumption is a nonprison sentence. In addition, because Jones used a BB gun during his crimes, the district court found that a

2

second special sentencing rule applied—K.S.A. 2016 Supp. 21-6804(h)—which provides that "[w]hen a firearm is used to commit any person felony, the offender's sentence *shall* be presumed imprisonment." (Emphasis added.)

Jones objected to the classification of his Oregon conviction as a person felony. By classifying the Oregon conviction as a person felony, Jones faced the penalty associated with a criminal history B, a 216-month midrange sentence under the KSGA, instead of the 102-month midrange sentence penalty associated with a criminal history C. K.S.A. 2016 Supp. 21-6804.

Jones argues on appeal (1) the district court should have classified his 2002 Oregon conviction for fleeing and eluding as a nonperson felony instead of a person felony when calculating his criminal history; and (2) a BB gun should not be classified as a firearm under special rule K.S.A. 2016 Supp. 21-6804(h).

Jones timely appealed. On appeal, the State concedes that the trial court erred in finding that a BB gun qualified as a firearm under the special rule in K.S.A. 2016 Supp. 21-6804(h). Moreover, the parties do not contest that Jones committed a felony in Oregon but contest whether the felony should be classified as a person or nonperson crime.

ANALYSIS

*The district court incorrectly classified Jones' Oregon conviction for fleeing and eluding as a person felony.*

Jones first argues that the district court should have classified his 2002 Oregon conviction for fleeing and eluding as a nonperson felony instead of a person felony when calculating his criminal history.

3

Resolving criminal history issues requires interpretation of the KSGA, which presents questions of law over which this court has unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

Under the KSGA, if the district court wrongly classified the Oregon fleeing and eluding conviction as a person felony, Jones should have one less person felony in his criminal history, which would reduce his criminal history score and his sentence. See K.S.A. 2016 Supp. 21-6804 (one prior person felony and one nonperson felony leads to a criminal history score of C, whereas two prior person felonies leads to a criminal history score of B). So we turn to whether Jones' out-of-state conviction was properly classified as a person felony.

When classifying out-of-state prior convictions, a court starts with K.S.A. 2016 Supp. 21-6811(e). Two questions must be resolved. First, we must consider whether the prior conviction should be classified as a felony or as a misdemeanor. Next, we consider whether it should be classified as a person or nonperson crime under Kansas law. K.S.A. 2016 Supp. 21-6811(e)(2), (3). So we will examine each question in the same order.

"If a crime is a felony in another state, it will be counted as a felony in Kansas." K.S.A. 2016 Supp. 21-6811(e)(2)(A). In this case, the first question is straightforward; because fleeing and eluding is a felony in Oregon, it is a felony for Kansas criminal history purposes. Or. Rev. Stat. § 811.540 (1997) (felony fleeing and eluding). But the fact that the Oregon statute classifies the crime as a felony only requires that the conviction be counted as a felony in Kansas. Contrary to the State's position, the "felony" classification has no bearing on whether the conviction is classified as a person or nonperson offense for criminal history purposes. See *State v. Long*, No. 110,852, 2014 WL 4723750, at *4 (Kan. App. 2014) (unpublished opinion). The parties do not dispute that Jones has an out-of-state felony conviction. The parties do contest, however, whether the conviction should be classified as a person or nonperson crime.

4

A court must determine whether an out-of-state prior conviction is a person or a nonperson offense by comparing the prior conviction statute to the "comparable offense" in effect in Kansas on the date the current crime was committed. K.S.A. 2016 Supp. 21-6811(e)(3). Kansas courts have said that "comparable offense" means what it says: "'the offenses need only be comparable, not identical.'" *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 [2015]). "[I]n evaluating what is a comparable offense under the KSGA, '[t]he essential question is whether the offenses are similar in nature and cover similar conduct.'" *State v. Buell*, 52 Kan. App. 2d 818, 825, 377 P.3d 1174, *rev. granted* 305 Kan. 1253 (2016). When comparing out-of-state statutes to Kansas statutes, the focus is the statutory elements: "[T]here is no review of the evidence surrounding the out-of-state conviction." *Williams*, 299 Kan. at 875. Offenses may be comparable "even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute." *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. 1019 (2015). If there is no comparable Kansas offense, then the out-of-state conviction is scored as a nonperson offense. *Buell*, 52 Kan. App. 2d at 825.

At the time of Jones' Oregon conviction, the Oregon fleeing or eluding statute defined felony fleeing and eluding as:

> "(1) A person commits the crime of fleeing or attempting to elude a police officer if:
>> (a) The person is operating a motor vehicle; and
>> (b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:
>>> (A) *The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer*; or

5

(B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer." (Emphasis added.) Or. Rev. Stat. § 811.540(1) (1997).

Under the statute, a person who is "still in the vehicle" when he flees is guilty of a felony, whereas a person who is "out of the vehicle" when he flees is guilty of a misdemeanor. Or. Rev. Stat. § 811.540(3) (1997).

When Jones committed the current crimes, Kansas law defined fleeing and eluding as:

"(a)(1) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1)." K.S.A. 2016 Supp. 8-1568(a)(1).

Absent any prior convictions, the crime of fleeing and eluding in Kansas is a class B nonperson misdemeanor. K.S.A. 2016 Supp. 8-1568(c)(1)(A). In order for the crime to be classified as a person felony in Kansas, the defendant must have fulfilled additional elements of the crime:

"[(b)(1)] . . . (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or
(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2)." K.S.A. 2016 Supp. 8-1568(b)(1)-(2).

When comparing the statutory language above to K.S.A. 2016 Supp. 8-1568, the sentencing court must determine which of the two provisions of the statute is most

6

comparable to Jones' Oregon conviction. One of two provisions will apply: either K.S.A. 2016 Supp. 8-1568(a)(1) ([driver] willfully fails or refuses to bring vehicle to a stop for a pursuing police vehicle when given signal to stop) or K.S.A. 2016 Supp. 8-1568(b) (driver willfully fails or refuses to bring vehicle to a stop for a pursuing police vehicle when given signal to stop *and* [1] fails to stop for a police road block; drives around tire deflating devices; engages in reckless driving; is involved in any motor vehicle accident or intentionally causes damage to property; commits five or more moving violations; or [2] is attempting to elude capture for a felony). If Jones' Oregon conviction is comparable to the first provision under K.S.A. 2016 Supp. 8-1568(a), it should be classified as a nonperson offense for criminal history purposes. If it is comparable to the second provision under K.S.A. 2016 Supp. 8-1568(b), it should be classified as a person offense for criminal history purposes.

The district court judge ruled that the Oregon conviction should be calculated as a person felony for sentencing purposes—relying solely on the presentence report. The judge was not asked to rely on anything else. The prosecutor suggested that because, on the same day as the Oregon offense, Jones was also convicted of felony theft of a vehicle he must have been fleeing while committing a felony, which would make it felony fleeing and eluding in Kansas. Jones disputed this conclusion and the district judge correctly pointed out that it would be the State's burden to prove that connection. Nothing further was presented by the State to support its conclusion.

Given the facts presented, we agree with Jones that K.S.A. 2016 Supp. 8-1568(a)(1) covers the same criminal conduct as the Oregon statute; both state statutes prohibit a person from using a motor vehicle to flee or evade a known police officer who is attempting to stop that driver. A violation of K.S.A. 2016 Supp. 8-1568(b), making it a person felony, requires additional conduct that is not included in the Oregon statute. See *Long*, 2014 WL 4723750, at *4 (same conclusion when comparing Texas fleeing and eluding statute to Kansas statute).

7

Accordingly, the district court should have classified Jones' Oregon conviction as a nonperson offense.

Because no additional information beyond the crime of conviction itself was taken into the consideration by the court, nor was any additional information submitted for consideration whether or not it would have been constitutional to do so, we need not address Jones' constitutional arguments under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

*The district court erred in finding that a pellet/BB gun is a "firearm" under K.S.A. 2016 Supp. 21-6804(h).*

The district court found that Jones' crimes were committed with a firearm, requiring the imposition of a presumptive prison sentence under the special rule contained at K.S.A. 2016 Supp. 21-6804(h). The issue of whether a BB gun is a "firearm" under K.S.A. 2016 Supp. 21-5111(m) was not raised at the trial court, but this does not prevent appellate review. Generally, a theory not asserted before the trial court cannot be raised for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). There are several exceptions, including when the newly asserted theory involves only a question of law and is determinative of the case. *Phillips*, 299 Kan. at 493. This is the exception that Jones invites us to apply. The State does not object to our consideration of this issue on appeal under this exception and we agree to consider it.

The State properly concedes that the district court erred in finding that Jones used a firearm. See K.S.A. 2016 Supp. 21-5111(m) ("'Firearm' means any weapon designed or having the capacity to propel a projectile by force of an explosion or combustion."); *State v. Craddick*, 49 Kan. App. 2d 580, 585, 311 P.3d 1157 (2013) (the term firearm does not include a pellet/BB gun because it is propelled by gas or compressed air and not by

8

explosion or combustion). The State does not dispute that Jones used a plastic "Sig Sauer pellet/BB Gun." Accordingly, the district court erred in imposing a presumptive prison sentence under at K.S.A. 2016 Supp. 21-6804(h).

Therefore, we vacate the sentence and remand to the district court for resentencing of Jones as a criminal history C without imposition of the special rule regarding use of a firearm in the commission of the crime.

Sentence vacated and remanded with directions.