NOT DESIGNATED FOR PUBLICATION

No. 123,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOE LEIJA,
*Appellant*.


MEMORANDUM OPINION


Appeal from Thomas District Court; KEVIN BERENS, judge. Opinion filed February 4, 2022.
Affirmed.


*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.


*Craig L. Uhrich*, special prosecutor, and *Derek Schmidt*, attorney general, for appellee.


Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.


PER CURIAM: Joe Leija appeals his conviction of criminal use of a weapon, in violation of K.S.A. 2018 Supp. 21-6301(a)(18) following a bench trial on stipulated facts. Leija argues that police lacked probable cause to search his house. And he argues that K.S.A. 2018 Supp. 21-6301(a)(18) violates the right to bear arms protected by section 4 of the Kansas Constitution Bill of Rights. Because probable cause supported a valid search warrant, we affirm Leija's conviction.

1

The parties began the bench trial with four factual stipulations relevant to this appeal. First, Leija was convicted in October 2014 of domestic battery, a domestic violence misdemeanor. Second, House Bill 2145 amended K.S.A. 21-6301 in May 2018, making it unlawful for a person convicted of a domestic violence misdemeanor to possess a firearm for five years from the date of conviction. Third, in March 2019, police executed a search warrant on a house owned and solely occupied by Leija and his truck on the property. And finally, police found a rifle, a shotgun, a .45 caliber pistol, and a .22 caliber revolver.

Police requested this search warrant based on an incident that happened between Leija and his ex-wife, Dana Carter. Carter came to Leija's house to pick up one of their children. Leija was outside, clearing away snow, when Carter and her current husband arrived. Leija saw them approach, waved a pistol at his side, and pointed two fingers at Carter's husband. Leija's child came out of the house and left with Carter and her husband.

The warrant enabled police to search "'250 S. Garfield Ave. in Colby, Kansas. . . . The curtilage and all out building permanent and temporary, . . . [a] 1999 maroon Dodge pickup bearing Kansas plate . . . .'" The warrant authorized police to search for and seize the following: "'All firearms including pistols, rifles, shot guns, machine guns, any thing designed to pneumatically discharge projectiles, taser weapons, spear guns, spring guns and BB guns.'" Police searched Leija's house, a shed in the backyard, and Leija's truck in the driveway. The .22 caliber revolver was on the floor of Leija's truck, along with a BB gun on the dashboard. The .45 pistol, the rifle, and the shotgun were in Leija's house.

The State charged Leija with four counts of criminal use of a weapon. The trial court held that those counts were multiplicitous, dismissing all but one. The trial court

found Leija guilty of one count of criminal use of a weapon and granted him probation with an underlying 18-month prison sentence.

Leija timely appeals his conviction.

ANALYSIS

*Did probable cause support the search warrant?*

Leija argues that the State presented insufficient indicia of probable cause to search Leija's entire house after the officers found the target evidence in Leija's truck. The State argues that probable cause existed for the warrant allowing a search of the house. Because police properly executed a valid search warrant, the trial court did not err in admitting evidence of gun possession.

Before trial, Leija moved to suppress evidence arguing that the search warrant was defective because it expanded the scope of the search to areas where probable cause did not exist. The trial court denied the motion.

The standard of review for a trial court's decision on a motion to suppress has two components. The appellate court reviews the trial court's factual findings to determine whether they are supported by substantial competent evidence. The ultimate legal conclusion, however, is reviewed using a de novo standard. In reviewing the factual findings, the appellate court does not reweigh the evidence or assess the credibility of witnesses. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

The State carries the burden to prove that a search and seizure was lawful. *State v. Ton*, 308 Kan. 564, 568, 422 P.3d 678 (2018).

"'When an affidavit in support of an application for search warrant is challenged, the task of the reviewing court is to ensure that the issuing magistrate had a substantial basis for concluding probable cause existed. This standard is inherently deferential. It does not demand that the reviewing court determine whether, as a matter of law, probable cause existed; rather, the standard translates to whether the affidavit provided a substantial basis for the magistrate's determination that there is a fair probability that evidence will be found in the place to be searched. Because the reviewing court is able to evaluate the necessarily undisputed content of an affidavit as well as the issuing magistrate, the reviewing court may perform its own evaluation of the affidavit's sufficiency under this deferential standard.'" *State v. Mullen*, 304 Kan. 347, 353, 371 P.3d 905 (2016).

Leija argues that the affidavit in support of the search warrant did not provide any reason to believe that the gun would be in the house. K.S.A. 2018 Supp. 22-2502(a) provides that a search warrant shall issue on an oral or written statement under oath or affirmation "which states facts sufficient to show probable cause that a crime has been, is being or is about to be committed." Probable cause for a search warrant requires specific facts which would lead a reasonable person to conclude that evidence of a crime may be found in a particular place. *State v. Beltran*, 48 Kan. App. 2d 857, 864, 300 P.3d 92 (2013). Leija argues that witnesses told police that Leija had a gun in his truck, but never mentioned Leija taking the gun into his house.

The State correctly argues that Leija takes an overly myopic view of probable cause.

"In reviewing whether an affidavit supplies probable cause, a judge 'considers the totality of the circumstances presented and makes a practical, common-sense decision whether a crime has been committed or is being committed and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. Hensley*, 298 Kan. 422, 427-28, 313 P.3d 814 (2013) (quoting *State v. Hicks*, 282 Kan. 599, 613-14, 147 P.3d 1076 [2006]).

The State notes that witnesses told police that Leija was in his driveway with a gun in his hand, and he put it in his truck on March 3, 2019. The State argues that, on March 15, 2019, the magistrate issuing the search warrant made a practical, common-sense decision that the gun that Leija had in his hand outside his house could now be inside his house.

Leija notes that "officers in this case searched the truck first and found the gun that was the target of the search warrant." He then asserts that police had no probable cause to search the house. But he cites no authority for the position that police executing a valid search warrant would need independent probable cause for each part of the search. He also does not explain how a valid search warrant becomes invalid once police find target evidence.

Leija's contention that the warrant would not allow police to search his home after finding a gun in his truck is incorrect. "[T]he discovery of contraband cannot validate a warrant invalid when issued" and "the discovery of facts demonstrating that a valid warrant was unnecessarily broad does not retroactively invalidate the warrant." *Maryland v. Garrison*, 480 U.S. 79, 85, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987). A search warrant is either valid or invalid when issued. "The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." 480 U.S. at 85. Witnesses saw Leija with a gun outside his house. Twelve days later, the magistrate had probable cause to issue a search warrant of both Leija's house and truck. The magistrate properly issued the warrant and police properly executed it. Leija provides no authority which states that police executing a valid search warrant must stop searching once they find evidence.

Instead, Leija tries to redefine the warrant as an "anticipatory" warrant. "'An anticipatory warrant is "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place."'" *Mullen*, 304 Kan. at 354 (quoting *United States v. Grubbs*, 547 U.S.

5

90, 94, 126 S. Ct. 1494, 164 L. Ed. 2d 195 [2006]). *Mullen* involved a package likely containing illegal drugs which the United States Postal Service delivered to a house. Police did not have probable cause to believe that illegal drugs were in the house until after the package was delivered. "If the government were to execute an anticipatory warrant before the triggering condition occurred, there would be no reason to believe the item described in the warrant could be found at the searched location." 547 U.S. at 94. It is readily apparent that this definition does not apply here. Police did not request a search warrant under the impression that guns would be in Leija's home at some future time (but not presently). Police here had reason to believe that Leija's guns could be found in his truck or home at present without a contingent event occurring beforehand. The search warrant here was not anticipatory.

But the State points to a different flaw in Leija's argument. Leija states that police could search his house only if they did not find a gun in his truck. He asserts that the absence of a gun in the truck is the triggering condition that police would need before searching elsewhere. But the State points out that witnesses told police they saw only one gun. When police searched Leija's truck, a .22 caliber revolver was under the driver's seat and a BB gun was on the dashboard. Thus, police found a firearm and an object resembling a firearm. See *State v. Craddick*, 49 Kan. App. 2d 580, 585, 311 P.3d 1157 (2013) (holding that compressed air, compressed gas, and compressed spring guns are not firearms). The State contends that, even if the warrant were anticipatory with a triggering condition, that condition was met. The object that the witnesses saw could have been the BB gun, the .22 caliber revolver, or neither. The State argues that finding two handguns gave police probable cause to search for a third, eventually revealing the .45 caliber pistol in Leija's house. While the State's point is interesting, it is ultimately irrelevant because the search warrant was not anticipatory and required no triggering condition.

Finally, Leija and the State both cite *Patterson*, arguing its applicability. The issue in *Patterson* was whether a warrant to search "'[t]he premises of 2720 N. Erie, Wichita,

Sedgwick County, Kansas'" included a car parked in the driveway. 304 Kan. at 272. Leija correctly argues that *Patterson* does not apply. The warrant here specified that police could search the house, the outbuildings, and Leija's truck, identified by make, model, color, and license plate. Leija's objection is not that the warrant is ambiguous, as it was in *Patterson*. Thus, the *Patterson* court's reasoning does not apply because the issues are dissimilar.

The magistrate properly issued the search warrant. Police properly executed the search warrant. The trial court properly denied Leija's motion to suppress the evidence. For these reasons, we need not address Leija's argument that police could not rely on the "good faith" exception when executing an invalid warrant. We also need not address the State's argument that any error was harmless.

*Does K.S.A. 2018 Supp. 21-6301(a)(18) violate section 4 of the Kansas Constitution Bill of Rights?*

Leija argues that K.S.A. 2018 Supp. 21-6301(a)(18) violates section 4 of the Kansas Constitution Bill of Rights. That is, he claims that the statute prohibiting him from possessing a firearm because he was convicted of domestic battery violates his right to bear arms under the Kansas Constitution. The State argues that Leija failed to preserve the issue and that the statute is constitutional.

Issues not raised before the trial court generally cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) The newly asserted

7

theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the trial court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Leija concedes that he did not raise the constitutionality of K.S.A. 2018 Supp. 21-6301(a)(18) before the trial court. But he asserts that this court can reach the issue because it involves only a question of law and is finally determinative of the case and because it is necessary to serve the ends of justice. But even when an exception may allow for review of an issue for the first time on appeal, our Supreme Court has considered and rejected application of the exception in *State v. Gray*, 311 Kan. 164, 459 P.3d 165 (2020). The *Gray* court established that application of exceptions is discretionary: "The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]" 311 Kan. at 170. Because Leija raises the issue for the first time on appeal, we decline to review his claim.

For the preceding reasons, we affirm.